1   DAVID R. SINGH (Bar No. 300840)
    david.singh@weil.com
2   ANNE CAPPELLA (Bar No. 181402)
    anne.cappella@weil.com
3   AUDREY E. STANO (Bar No. 315370)
    audrey.stano@weil.com
4   NEECKAUN IRANI (Bar No. 324617)
    neeckaun.irani@weil.com
5   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway, 6th Floor
6   Redwood Shores, CA 94065-1134
    Telephone: (650) 802-3000
7   Facsimile: (650) 802-3100
8
9   Attorneys for Defendant APPLE INC.

10

11                   UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14   MAHAN TALESHPOUR, on behalf of himself      Case No. 5:20-cv-03122-EJD
     and all others similarly situated,
15                                               **DEFENDANT APPLE INC.'S NOTICE OF**
            Plaintiff,                           **MOTION AND MOTION TO DISMISS;**
16                                               **MEMORANDUM OF POINTS AND**
     v.                                          **AUTHORITIES IN SUPPORT THEREOF**
17
     APPLE INC.,
18                                               Date:   Thursday, September 3, 2020
            Defendant.                           Time:   9:00 a.m.
19                                               Dept.:  Courtroom 4 – 5th Floor
                                                 Judge:  Honorable Edward J. Davila
20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION TO DISMISS**

2

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on September 3, 2020, at 9:00 a.m., or as soon thereafter as the

4

matter may be heard, before the Honorable Edward J. Davila in Courtroom 4 – 5th Floor, located at the

5

Robert F. Peckman Federal Building, 280 South First Street, Fourth Floor, San Jose, California,

6

Defendant Apple Inc. ("Apple") will and hereby does move to dismiss all of Plaintiff Mahan

7

Taleshpour's ("Plaintiff") claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for

8

lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.

9

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and

10

Authorities in support thereof, all other pleadings and papers on file herein, and such other argument and

11

evidence as may be presented to the Court.

12

Dated: July 1, 2020                          Respectfully submitted,

13

WEIL, GOTSHAL & MANGES LLP

14

15

By:   */s/ David R. Singh*
                                               DAVID R. SINGH

16

Attorney for Defendant APPLE INC.

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................................................... 1

II.   FACTUAL BACKGROUND ..................................................................................... 3

III.  LEGAL STANDARD ................................................................................................ 6

    A.    Rule 8(a) ........................................................................................................ 6

    B.    Rule 9(b) ........................................................................................................ 6

    C.    Rule 12(b)(1) ................................................................................................. 7

    D.    Governing Law .............................................................................................. 8

IV.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ........................................................................................ 8

    A.    Plaintiff's Alleged Injury-In-Fact Is Not "Fairly Traceable" To Apple's Challenged Conduct ...................................................................................... 9

    B.    Plaintiff Lacks Standing With Respect To Products He Did Not Purchase .......... 10

    C.    Plaintiff's Allegations With Respect To 13-Inch 2016 Macbook Pros Are Moot ..................................................................................................... 11

V.    PLAINTIFF HAS NOT STATED ANY FRAUD-BASED CLAIMS ............................. 11

    A.    Plaintiffs' Allegations Do Not Satisfy Rule 9(B) ........................................ 11

    B.    Plaintiff's Fraudulent Concealment And Fraud-Based UCL Claims Are Deficient For Several Additional Reasons ............................................. 13

        1.    Plaintiff Has Not Identified Any Actionable Misrepresentation Or Partial Misrepresentation Requiring Qualification ..................................... 13

        2.    Plaintiff Fails To Allege Facts Establishing That Apple Knew Of The Purported Defect At The Time Of His Purchase ....................................... 14

        3.    Plaintiff Fails To Allege Facts Establishing That Apple Owed A Duty To Disclose The Purported Defect .............................................................. 15

VI.   PLAINTIFF HAS NOT STATED A CLAIM FOR BREACH OF THE SONG-BEVERLY ACT .................................................................................................... 16

    A.    Plaintiff Does Not Allege Facts Establishing Any Breach Of Warranty ............ 16

    B.    Plaintiff's Song-Beverly Act Claim Is Deficient Because The One-Year Warranty Period Has Expired ...................................................................... 17

    C.    Plaintiff's Song-Beverly Act Claim Is Also Facially Overbroad .................... 19

VII.  PLAINTIFF HAS NOT STATED A CLAIM FOR VIOLATION OF THE UCL ............ 20

A.   Plaintiff's "Unfair" UCL Claim Is Not Sufficiently Pled.......................................20

B.   Plaintiff's "Unlawful" UCL Claim Fails With His Claims For Its Predicate Unlawful Acts ..............................................................................................22

VIII.   CONCLUSION..........................................................................................................23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Johnson,*
    355 F.3d 1179 (9th Cir. 2004) ................................................................................................... 6

*Ahern v. Apple Inc.,*
    411 F. Supp. 3d 541 (N.D. Cal. 2019) ............................................................................... 13, 15

*Am. Suzuki v. Superior Court,*
    37 Cal. App. 4th 1291 (1995) .................................................................................................. 16

*In re Apple Inc. Device Performance Litig.,*
    386 F. Supp. 3d 1155 (N.D. Cal. 2019) (Davila, J.) ............................................................... 15

*Arena Rest. & Lounge LLC v. S. Glazer's Wine & Spirits, LLC,*
    No. 17-CV-03805-LHK, 2018 WL 1805516 (N.D. Cal. Apr. 16, 2018) ........................................ 21

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................................................................. 6

*Backhaut v. Apple Inc.,*
    74 F. Supp. 3d 1033 (N.D. Cal. 2014) ..................................................................................... 22

*Baker v. United States,*
    722 F.2d 517 (9th Cir. 1983) ..................................................................................................... 7

*Baltazar v. Apple Inc.,*
    No. CV-10-3231-JF, 2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ....................................... 16, 17

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................................. 6, 18

*Birdsong v. Apple Inc.,*
    590 F.3d 955 (9th Cir. 2009) .................................................................................................... 16

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
    20 Cal. 4th 163 (1999) ............................................................................................................. 20

*In re Century Aluminum Co., Secs. Litig.,*
    729 F.3d 1104 (9th Cir. 2013) .................................................................................................. 18

*Cheng v. BMW of N. Am., LLC,*
    No. CV 12–09262 GAF, 2013 WL 3940815 (C.D. Cal. July 26, 2013) .................................... 11

*Daniel v. Nat'l Park Serv.,*
    891 F.3d 762 (9th Cir. 2018) ..................................................................................................... 9

*Davidson v. Apple, Inc.*,
   No. 16-CV-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ..................................... 6, 12

*Durkee v. Ford Motor Co.*,
   No. C 14-0617 PJH, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014).................................................. 12

*Elias v. Hewlett-Packard*,
   950 F. Supp. 2d 1123 (N.D. Cal. 2013) ......................................................................................... 19

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) (per curiam)..................................................................................... 6

*Forest Guardians v. Johanns*,
   450 F.3d 455 (9th Cir. 2006) ......................................................................................................... 11

*Foster v. Essex Property, Inc.*,
   Case No. 5:14-cv-05531-EJD, 2017 WL 264390 (N.D. Cal. Jan. 20, 2017) (Davila,
   J.) ....................................................................................................................................................... 9

*Goldstein v. Gen. Motors LLC*,
   No. 3:19-CV-01778-H-AHG, 2020 WL 1849659 (S.D. Cal. Apr. 13, 2020) ................................ 12

*Gregory Vill. Partners, L.P. v. Chevron, U.S.A., Inc.*,
   805 F. Supp. 2d 888 (N.D. Cal. 2011) ........................................................................................... 10

*Haddock v. Countrywide Bank, NA*,
   No. CV 14-6452-PSG, 2015 WL 9257316 (C.D. Cal. Oct. 27, 2015) ........................................... 13

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013) .................................................................................... 20, 21

*Hovsepian v. Apple, Inc.*,
   2009 WL 2591445 (N.D. Cal. Aug. 21, 2009) ............................................................................... 16

*Johnson v. Nissan N. Am., Inc.*,
   272 F. Supp. 3d 1168 (N.D. Cal. 2017) .......................................................................................... 20

*Kacsuta v. Lenovo (United States) Inc.*,
   No. SACV1300316CJCRNBX, 2013 WL 12126775 (C.D. Cal. July 16, 2013) ........................... 17

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ......................................................................................................... 6

*Kent v. Hewlett-Packard Co.*,
   No. 09-5341 JF PVT, 2010 WL 2681767 (N.D. Cal. July 6, 2010) .............................................. 17

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ......................................................................................................... 4

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)....................................................................................................................... 7, 9

*In re MacBook Keyboard Litig.*,
    No. 5:18-cv-02813-EJD, 2019 WL 1765817 (N.D. Cal. Apr. 22, 2019) (Davila, J.)......................11

*Marcus v. Apple Inc.*,
    No. C 14-03824 WHA, 2015 WL 1743381 (N.D. Cal. Apr. 16, 2015)............................................18

*Mazza v. Am. Honda Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012) .......................................................................................................8

*McKinney v. Google, Inc.*,
    No. 5:10-CV-01177 EJD, 2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) (Davila, J.) ...............7, 13

*Moore v. Apple, Inc.*,
    73 F. Supp. 3d 1191 (N.D. Cal. 2014) ......................................................................................6, 22

*NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
    926 F.3d 528 (9th Cir. 2019) .......................................................................................................7

*In re NVIDIA GPU Litig.*,
    No. C 08-04312 JW, 2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) .................................................19

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ....................................................................................14, 22

*Pac. Pulp Molding, Inc. v. Burchfield*,
    No. 15-CV-1602-AJB-MDD, 2016 WL 6103086 (S.D. Cal. Jan. 27, 2016) ...................................19

*Palmer v. Apple Inc.*,
    No. 5:15-CV-05808-RMW, 2016 WL 1535087 (N.D. Cal. Apr. 15, 2016)................................7, 13

*Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health &
    Human Servs.*,
    946 F.3d 1100 (9th Cir. 2020) .....................................................................................................7

*Rabieh v. United States*,
    Case No. 5:19-cv-00944-EJD, 2019 WL 5788673 (N.D. Cal. Nov. 6, 2019) (Davila,
    J.).............................................................................................................................................8

*Rudd v. Borders, Inc.*,
    No. 09CV832 BTM (NLS), 2009 WL 4282013 (S.D. Cal. Nov. 25, 2009)....................................22

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) .....................................................................................................8

*Savage v. Glendale Union High Sch.*,
    343 F.3d 1036 (9th Cir. 2003) ....................................................................................................10

*Sciacca v. Apple, Inc.*,
    362 F. Supp. 3d 787 (N.D. Cal. 2019) ........................................................................................14

*Shields v. Alere Home Monitoring, Inc.*,
  No. C15-2580 CRB, 2015 WL 7272672 (N.D. Cal. Nov. 18, 2015)...........................................12

*Smedt v. The Hain Celestial Grp., Inc.*,
  No. 5:12-CV-03029, 2014 WL 2466881 (N.D. Cal. May 30, 2014) (Davila, J.)...........................10

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television
  Litig.*,
  758 F. Supp. 2d 1077 (S.D. Cal. Nov. 30, 2010) ........................................................18

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ................................................................................7

*Stearns v. Select Comfort Retail Corp.*,
  2009 WL 1635931 (N.D. Cal. June 5, 2009) .............................................................16

*Swearingen v. Amazon Preservation Partners, Inc.*,
  2014 WL 3934000 (N.D. Cal. Aug. 11, 2014) ...........................................................16

*Tomek v. Apple Inc.*,
  No. 2-11-cv-02700, 2012 WL 2857035 (E.D. Cal. July 11, 2012) .......................................17

*U.S. v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ..........................................................................4

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ........................................................................21

*Warth v. Seldin*,
  422 U.S. 490 (1975).....................................................................................7

*Wilson v. Frito-Lay N. Am., Inc.*,
  961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...............................................................10

*Wolfe v. Strankman*,
  392 F.3d 358 (9th Cir. 2004) ..........................................................................8

**Statutes**

Cal. Civ. Code § 1790.......................................................................................19

Cal. Civ. Code § 1791(a)...................................................................................19

Cal. Civ. Code § 1791.1...............................................................................17, 19

Cal. Civ. Code § 1792.......................................................................................19

Cal. Civ. Code § 1793.2(a)...............................................................................19

Cal. Civ. Code § 1794.......................................................................................19

Cal. Civ. Code § 1795.8...................................................................................19

Cal. Com. Code § 2314 ........................................................................................................ 16

Cal. Com. Code § 2401(2) ................................................................................................... 19

Fed. R. Civ. P. 8 ................................................................................................................... 13

Fed. R. Civ. P. 8(a) ......................................................................................................... 6, 13

Fed. R. Civ. P. 8(a)(2) ........................................................................................................... 6

Fed. R. Civ. P. 9(b) ..................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 1, 7, 9, 23

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 6, 23

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      Plaintiff Mahan Taleshpour purchased a 15-inch 2016 MacBook Pro on April 13, 2017 and used

4   it without issue for almost three years.  Now, long after the applicable one-year limited warranty has

5   expired, Plaintiff attempts to bring a nationwide class action on behalf of purchasers of the 15-inch 2016

6   MacBook Pro and purchasers of another 2016 MacBook Pro model, the 13-inch (collectively, with the

7   15-inch 2016 MacBook Pros, the "2016 MacBook Pros"), which Plaintiff did not even purchase.

8   Plaintiff's complaint hinges on a false assumption about the design of his laptop.  Plaintiff claims that

9   the length and placement of the display ribbon cables in the 13-inch MacBook Pros causes them to rub

10  against the control board and slowly wear and tear over time, but acknowledges that Apple addressed

11  this issue (which affected only a very small percentage of devices) with a 13-inch MacBook Pro Display

12  Backlight Service Program.  Without a shred of factual support, he alleges that 15-inch 2016 MacBook

13  Pros contain the "same defect."  Plaintiff is wrong.  Contrary to his conclusory allegation, the length and

14  placement of the display ribbon cables in the 15-inch 2016 MacBook Pros is not the same as in the 13-

15  inch model; in fact, the ribbon cable in the 15-inch model is more than two millimeters longer.  This

16  indisputable fact is fatal to Plaintiff's standing to bring any claim.  Additionally, Plaintiff's complaint

17  suffers from a litany of additional pleading deficiencies that are fatal to each of his claims.  As such, the

18  Court should dismiss Plaintiff's complaint in its entirety.

19      First, Plaintiff lacks standing to assert any of his claims and the Court should dismiss them

20  pursuant to Rule 12(b)(1).  As explained above, because Plaintiff's 15-inch 2016 MacBook Pro does not

21  contain the purported design defect in the 13-inch model, Plaintiff's alleged injury is not "fairly

22  traceable" to Apple's challenged conduct as required for Article III standing.  Plaintiff also lacks standing

23  with respect to products that he did not purchase, including the 13-inch 2016 MacBook Pro and later

24  models of the MacBook Pro.  Even assuming that Plaintiff had standing to assert claims covering

25  products he did not purchase, in May 2019, Apple introduced a program offering a free replacement

26  service to purchasers of the 13-inch devices with the shorter ribbon cables and his claims with respect to

27  them are moot.

28

Second, Plaintiff has not adequately stated any fraud claim. All of Plaintiff's claims are grounded in fraud, but Plaintiff has not come close to satisfying the heightened pleading requirements of Rule 9(b). Furthermore, Plaintiff's fraudulent concealment and fraud-based UCL claims (*i.e.*, alleged violations of the "fraudulent" prong and alleged violations of the "unfair" prong predicated on purported consumer fraud) are deficient because (1) Plaintiff has identified only inactionable statements by Apple and none of them require qualification; (2) Plaintiff has not sufficiently alleged Apple's knowledge of the purported backlight display ribbon cable defect at the time he purchased his 15-inch 2016 MacBook Pro in April 2017; and (3) Plaintiff has not alleged sufficient plausible facts to trigger a duty to disclose under California law.

Third, Plaintiff has not stated any claim under the Song-Beverly Consumer Warranty Act. To state a claim under the Song-Beverly Act, Plaintiff must sufficiently allege a breach of warranty under California state law. He does not. Plaintiff does not, and cannot, allege any breach of express warranty. Likewise, while Plaintiff attempts to allege a breach of the implied warranty of merchantability, the facts alleged do not establish that his MacBook Pro is not merchantable because Plaintiff admits that it performed without issue upon sale and for the duration of the warranty period and, even now, Plaintiff alleges only that he has experienced a "stage lighting effect"; he does not allege complete display failure or that his MacBook Pro is inoperable. Plaintiff also admits that the one-year warranty period has lapsed. And Plaintiff cannot evade the dismissal of his Song-Beverly Act claim as untimely based on his assertion of a latent defect because he has not, and cannot, plead any facts plausibly establishing that the 15-inch 2016 MacBook Pro contains the purported latent defect; *i.e.*, the shorter backlight display ribbon cables.

Fourth, Plaintiff's Unfair Competition Law claims are derivative of, and fail with, his other deficient claims.

For all of these reasons, as further discussed below, the Court should grant Apple's motion to dismiss and dismiss Plaintiff's complaint in its entirety.

## II.      FACTUAL BACKGROUND[1]

While Plaintiff purports to bring claims with respect to all MacBook Pros, 2016-year model "or later" (Compl. ¶ 29), his allegations focus on the 13- and 15- inch 2016 MacBook Pros, which Apple released in October 2016.   Plaintiff alleges that Apple advertised the 2016 MacBook Pros as "revolutionary"; "groundbreaking"; and having a "breakthrough performance," the "brightest and most colorful Retina display yet," and—in one comment by Apple's Senior Vice President of Worldwide Marketing—"the best Mac display ever." Compl. ¶ 8.

Plaintiff alleges that the "length and placement" of the backlight display ribbon cables in the 2016 MacBook Pros causes them to "rub against the control board" and slowly "wear and tear overtime [*sic*]." Compl. ¶¶ 10, 17.  According to Plaintiff, this supposed defect manifests itself with (1) a "stage lighting effect," whereby "alternating patches of light and darkness [appear] on the bottom of the display," and/or (2) "a complete failure of the backlighting system when the display is opened beyond 40-degrees," which "renders the laptop essentially useless."  *Id.* ¶¶ 11–12.  Plaintiff alleges that Apple "remedied" this purported defect in a new MacBook Pro model released in July 2018 with ribbon cables that are 2mm longer.  Compl. ¶ 17.

---

[1] This statement of facts is based on the allegations in Plaintiff's Complaint, which are assumed true, except as challenged with respect to Apple's 12(b)(1) motion, solely for purposes of this motion to dismiss.

Apple provides purchasers of MacBook Pros with a one-year limited warranty (the "Limited Warranty");[2] it also offers an AppleCare service plan, which extends the duration and scope of coverage available to consumers.  The Limited Warranty warrants "against defects in materials and workmanship when used normally in accordance with Apple's published guidelines [including "technical specifications, user manuals and service communications"] for a period of ONE (1) Year from the date of original retail purchase by the end-user purchaser ('Warranty Period')."  *See* Limited Warranty.[3] However, the Limited Warranty does not warrant against "defects caused by normal wear and tear or otherwise due to the normal aging of the Apple Product."  *Id.*  The Limited Warranty also states the following in a section entitled "WARRANTY LIMITATIONS SUBJECT TO CONSUMER LAW" (capital letters in original):

> TO THE EXTENT PERMITTED BY LAW, THIS WARRANTY AND THE REMEDIES SET FORTH ARE EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, REMEDIES AND CONDITIONS, WHETHER ORAL, WRITTEN, STATUTORY, EXPRESS OR IMPLIED.  APPLE DISCLAIMS ALL STATUTORY AND IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY . . . AND WARRANTIES AGAINST HIDDEN OR LATENT DEFECTS, TO THE EXTENT PERMITTED BY LAW.  IN SO FAR AS SUCH WARRANTIES CANNOT BE DISCLAIMED, APPLE LIMITS THE DURATION AND REMEDIES OF SUCH WARRANTIES TO THIS EXPRESS WARRANTY AND, AT APPLE'S OPTION, THE REPAIR OR REPLACEMENT SERVICES DESCRIBED BELOW.

---

[2] A true and correct copy of the Limited Warranty corresponding with Plaintiff's 15-inch MacBook Pro is attached as Exhibit A to the Declaration of David R. Singh filed concurrently herewith (the "Singh Decl.").  Although Plaintiff did not attach the Limited Warranty to his Complaint, his claims rely upon the terms of the Limited Warranty, and the Court may thus consider its contents in ruling on this motion to dismiss.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that the incorporation by reference doctrine "permits us to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'") (internal citation omitted); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

[3] *See also* Compl. ¶¶ 13, 40, 53, 64, 65.

1    *Id.* (capital letters in original).

2         In May 2019, Apple launched a 13-inch MacBook Pro Display Backlight Service Program.

3    Pursuant to this program, Apple "has agreed to replace the cables/display in 13-inch MacBook Pro 2016

4    models that experience the stage lighting effect or a total failure of the display" and to "refund those who

5    paid to have their cables/display fixed."  Compl. ¶ 18.

6         Plaintiff purchased his 15-inch MacBook Pro 2016 model on April 13, 2017.  Compl. ¶ 20.  The

7    15-inch model does not use the purportedly defective backlight display ribbon cables that underpin each

8    of Plaintiff's claims.  *See* Declaration of Jeffrey LaBerge filed concurrently herewith (the "LaBerge

9    Decl."), ¶ 4.  Plaintiff claims to have "relied on APPLE's display representations in purchasing his 15-

10   inch MacBook Pro" but provides no detail regarding the representations.  Compl. ¶ 21.  Plaintiff also

11   claims that, "[b]efore purchasing the laptop," he "saw advertisements and marketing materials in which

12   APPLE represented the MacBook had the best display to date[,]" but provides no further detail regarding

13   these representations.  *Id.*

14        After using his laptop without issue for nearly three years, Plaintiff alleges that his MacBook Pro

15   "began exhibiting the stage lighting effect"—but not complete failure of the back lighting system—in

16   January 2020.  *Id.* ¶ 22.  Nevertheless, Plaintiff waited two months to take his MacBook Pro to an Apple

17   Authorized Service Provider to repair his display—finally doing so on March 18, 2020.  *Id.* ¶ 23.

18   Plaintiff opted not to have his display fixed in March and, as of the filing of his complaint, had still not

19   taken steps to have his display fixed.  *See id.* ¶ 23.

20        On May 6, 2020, Plaintiff filed a complaint (the "Complaint"), purporting to represent a

21   nationwide class of "[a]ll persons within the United States who purchased a MacBook Pro 2016-year

22   model or later."  Compl. ¶ 29.  Plaintiff asserts three claims against Apple: violation of California's

23   Unfair Competition Law ("UCL") (Count I), fraudulent concealment (Count II), and violation of

24   California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") (Count III).  *See id.* ¶¶ 33–

25   67.

26

27

28

1    ## III.    LEGAL STANDARD

2    ### A.    Rule 8(a)

3    Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to plead "enough facts

4    to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

5    (2007). A complaint must be dismissed for failure to state a claim under Federal Rule of Civil Procedure

6    12(b)(6) if the plaintiff either fails to state a cognizable legal theory or has not alleged sufficient facts to

7    support a cognizable legal theory. *See id.* at 562–63. A pleading that offers "labels and conclusions" or

8    "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662,

9    678 (2009) (internal quotation marks and citation omitted). The complaint must allege facts, which, if

10   taken as true, raise more than a speculative right to relief. *See Bell Atl. Corp.*, 550 U.S. at 555. The

11   Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual

12   allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation

13   marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to

14   defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

15   ### B.    Rule 9(b)

16   Where a plaintiff alleges "a unified course of fraudulent conduct" and "rel[ies] entirely on that

17   course of conduct as the basis of that claim," the claim is grounded in fraud regardless of the label of the

18   claim, and Rule 9(b) applies. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *see also*

19   *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1198 (N.D. Cal. 2014). Rule 9(b) requires that a claim

20   grounded in fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

21   To satisfy this heightened standard, "claims sounding in fraud must allege 'an account of the time, place,

22   and specific content of the false representations as well as the identities of the parties to the

23   misrepresentations.'" *Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2017 WL 976048, at *4 (N.D.

24   Cal. Mar. 14, 2017) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)) (per curiam).

25   When asserting a fraud-based claim, the plaintiff must also set forth "what is false or misleading about

26   a statement, and why it is false." *Id.* (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir.

27   2010)); *see also Kearns*, 567 F.3d at 1124 ("A party alleging fraud must set forth more than the neutral

28   facts necessary to identify the transaction.") (internal quotation marks omitted) (emphasis in original).

1    Moreover, where, as here, a plaintiff alleges omission-based fraud claims, "to plead the

2    circumstances of omission with specificity, plaintiff must describe the content of the omission and where

3    the omitted information should or could have been revealed, as well as provide representative samples

4    of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that

5    failed to include the allegedly omitted information." *Palmer v. Apple Inc.*, No. 5:15-CV-05808-RMW,

6    2016 WL 1535087, at *5 (N.D. Cal. Apr. 15, 2016) (internal quotation marks and citation omitted);

7    *McKinney v. Google, Inc.*, No. 5:10-CV-01177 EJD, 2011 WL 3862120, at *5 (N.D. Cal. Aug. 30, 2011)

8    (Davila, J.) (same).

9        **C.      Rule 12(b)(1)**

10    A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction to hear the claims

11    alleged in the complaint.  The Supreme Court has repeatedly stated that the "irreducible constitutional

12    minimum of standing" consists of three elements, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992):

13    "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct

14    of the defendant, and (3) that is likely to be redressed by a favorable judicial decision," *Spokeo, Inc. v.*

15    *Robins*, 136 S. Ct. 1540, 1547 (2016).  These elements are typically referred to as "injury in fact,"

16    "causation," and "redressability."  *See, e.g., Planned Parenthood of Greater Washington & N. Idaho v.*

17    *U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020).  Plaintiffs, as the parties

18    invoking federal jurisdiction, bear the burden of establishing the existence of Article III standing and, at

19    the pleading stage, "must clearly allege facts demonstrating each element." *Spokeo*, 136 S. Ct. at 1547

20    (internal quotations omitted); *see also Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983) ("The

21    facts to show standing must be clearly apparent on the face of the complaint.").

22    "In a class action, this standing inquiry focuses on the class representatives."  *NEI Contracting*

23    *& Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019).  The named

24    plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered

25    by other, unidentified members of the class to which they belong and which they purport to represent."

26    *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

27    A defendant may either challenge jurisdiction "facially" by arguing the complaint "on its face"

28    lacks jurisdiction or "factually" by presenting extrinsic evidence demonstrating the lack of jurisdiction

1    on the facts of the case.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone*

2    *v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In resolving a factual attack, the district court may review

3    evidence beyond the complaint without converting the motion to dismiss into one for summary

4    judgment.  *See Rabieh v. United States*, Case No. 5:19-cv-00944-EJD, 2019 WL 5788673, *3 (N.D. Cal.

5    Nov. 6, 2019) (Davila, J.).

6          **D.    Governing Law**

7          Plaintiff asserts two claims arising under California statutes, the UCL and the Song-Beverly Act.

8    These statutes and associated California case law govern these claims.  In addition, because Plaintiff is

9    a California resident, Apple evaluates whether Plaintiff has stated a claim under California law.[4]

10   **IV.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER
            JURISDICTION**

11

12         Plaintiff alleges that the 13-inch and 15-inch 2016 MacBook Pros contain the "same defect"

13   (Compl. ¶ 18).  The "length and placement" of the backlight ribbon cables allegedly causes them to rub

14   against the control board each time the user opens or closes the laptop and, in turn, to slowly wear and

15   tear over time.  Compl. ¶ 10.  Plaintiff alleges that Apple "remedied" this purported defect in a new

16   MacBook Pro model released in July 2018 with ribbon cables that are 2mm longer.  Compl. ¶ 17.  In

17   fact, as set forth in the attached declaration of Jeffrey LaBerge, Apple only incorporated the alleged 2mm

18   too short backlight display ribbon cables in certain 13-inch 2016 MacBook Pros sold between October

19   _____

     [4] Should this action survive until the class certification stage, Plaintiff's fraudulent concealment claim

20   will pose a choice-of-law issue with respect to purported non-California class members.  Plaintiff, a

21   California resident (Compl. ¶ 4), purports to assert these claims on behalf of a nationwide class, including

22   non-California residents.  *Id.* ¶ 29 (defining the class as "*[a]ll persons within the United States* who

23   purchased a MacBook Pro 2016-year model or later.") (emphasis added).  The Ninth Circuit requires

24   that a district court conduct a rigorous choice of law analysis and has instructed that California law may

25   be applied to non-California residents only where "'the interests of other states are not found to outweigh

26   California's interest in having its law applied.'"  *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581,

27   590 (9th Cir. 2012) (internal citation omitted).  Apple reserves the right to raise choice of law issues at

28   the class certification stage or as otherwise appropriate.

2016 and February 2018.  *See* LaBerge Decl. ¶ 4.  Apple included all of the MacBook Pros with the shorter ribbon cables in the 13-inch MacBook Pro Display Backlight Service Program.  *Id.*  Plaintiff's 15-inch 2016 MacBook Pro and all other MacBook Pro models do not qualify for the service program because they do not contain the shorter backlight display ribbon cables.  *See id.*  As explained below, for this reason and others, jurisdiction is both facially and factually lacking and Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1).  Specifically, (1) Plaintiff's alleged injury is not "fairly traceable" to the purportedly defective backlight display ribbon cables; (2) Plaintiff lacks standing to assert claims with respect to products he did not purchase and that have a different design; and (3) the claims in Plaintiff's Complaint related to the 13-inch 2016 MacBook Pros are mooted by the 13-inch MacBook Pro Display Backlight Service Program.

A.    **Plaintiff's Alleged Injury-In-Fact Is Not "Fairly Traceable" To Apple's Challenged Conduct**

As explained above, to have Article III standing Plaintiff must show that his purported injury-in-fact is "fairly traceable" to Apple's challenged conduct.  *Lujan*, 504 U.S. at 590.  This requires Plaintiff to establish a causal connection between his purported injury-in-fact and his theory of liability.  *See Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 767 (9th Cir. 2018) (affirming dismissal of a complaint for lack of Article III standing where plaintiff failed to show that identity theft was caused by the defendant's inclusion of the expiration date of her debit card on a receipt); *Foster v. Essex Property, Inc.*, Case No. 5:14-cv-05531-EJD, 2017 WL 264390, *3 (N.D. Cal. Jan. 20, 2017) (Davila, J.) (granting motion to dismiss a data breach class action pursuant to Rule 12(b)(1) where plaintiff failed to rebut defendant's declarations showing that plaintiffs were not injured as a result of security breaches to defendant's computer network).

Here, Plaintiff alleges that, in January 2020, his 15-inch 2016 MacBook Pro "began exhibiting the stage lighting effect" and that, had he known of the purportedly defective ribbon cables, "he would not have purchased his MacBook or would have paid significantly less for it."  Compl. ¶¶ 22, 24.  But there is no causal nexus between these purported injuries and Plaintiff's theory of liability that the backlight display cables in his 15-inch 2016 MacBook Pro were defective (*i.e.*, too short) because Apple

1    did not incorporate the allegedly defective backlight display ribbon cables into Plaintiff's device.  This

2    requires dismissal of all of Plaintiff's claims for lack of subject matter jurisdiction.

3         Moreover, because Apple has come forward with evidence supporting its 12(b)(1) challenge, no

4    presumptive truthfulness attaches to Plaintiff's allegations.  *See Gregory Vill. Partners, L.P. v. Chevron,*

5    *U.S.A., Inc.*, 805 F. Supp. 2d 888, 895 (N.D. Cal. 2011).  Rather, Plaintiff must come forward with

6    evidence supporting jurisdiction.  *Id.*; *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036,

7    1039 n.2 (9th Cir. 2003).  Here, Plaintiff cannot do so.

8    **B.    Plaintiff Lacks Standing With Respect To Products He Did Not Purchase**

9         A plaintiff cannot satisfy Article III's injury-in-fact requirement with respect to products they

10   did not purchase unless such products are "substantially similar" to the purchased products for which

11   they have standing.  *See, e.g.*, *Smedt v. The Hain Celestial Grp., Inc.*, No. 5:12-CV-03029, 2014 WL

12   2466881, *6 (N.D. Cal. May 30, 2014) (Davila, J.) (noting that allegations of "substantial similarity" in

13   a case alleging consumer fraud must satisfy Rule 9(b) and dismissing claims with respect to unpurchased

14   products based on the facial insufficiency of the allegations in the complaint); *Wilson v. Frito-Lay N.*

15   *Am., Inc.*, 961 F. Supp. 2d 1134, 1040–41 (N.D. Cal. 2013).

16        Although Plaintiff alleges that Apple incorporated the same purportedly defective backlight

17   display ribbon cables in the 13-inch and 15-inch 2016 MacBook Pros (*see, e.g.*, Compl. ¶ 18), in fact,

18   the 15-inch 2016 MacBook Pro does not contain the shorter backlight display ribbon cables.  *See*

19   LaBerge Decl. ¶ 4.  Plaintiff's device is thus not similar in any relevant way to the 13-inch 2016

20   MacBook Pro, and as a matter of fact, includes what Plaintiff alleges remedies the purported defect—

21   the 2mm longer cables.  Compl. ¶ 17.  Thus, the Court should not permit Plaintiff to prosecute claims

22   with respect to a purported defect unique to products that Plaintiff does not allege he purchased.

23        Furthermore, although Plaintiff purports to assert claims with respect to 13-inch MacBook Pros

24   sold after 2016 and ineligible for the 13-inch MacBook Pro Backlight Display Service Program (Compl.

25   ¶ 18) and "later" models of the MacBook Pro (Compl. ¶ 29), he pleads no facts establishing that the 13-

26   inch 2016 MacBook Pros that are ineligible for the Backlight Service Program contain the same

27   purportedly defective ribbon cables as the eligible models.  Nor does he plead facts establishing that later

28   models of the MacBook Pro are substantially similar in any material respect to the 15-inch 2016

1    MacBook Pro that he purchased (which did not even incorporate the purportedly defective ribbon

2    cables).  *See generally* Compl.  On the contrary, Plaintiff alleges that Apple "remed[ied]" the purported

3    defect in subsequent models of the MacBook Pro.  Compl. ¶ 17 ("In July 2018, APPLE released a new

4    model of its MacBook Pro with flex display cables 2mm longer than before.  This gives the cable more

5    room to wrap around the display board so it doesn't rub against it when the laptop is opened and

6    closed.").

7        **C.**     **Plaintiff's Allegations With Respect To 13-Inch 2016 MacBook Pros Are Moot**

8        Even if Plaintiff had standing to assert claims with respect to 13-inch 2016 MacBook Pros, which

9    he does not, because consumers of those products can avail themselves of the free MacBook Pro Display

10    Backlight Service Program, such claims are moot.  Federal courts, of course, lack jurisdiction when an

11    action becomes "moot."  *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006) (internal

12    citations omitted).

13        Plaintiff laments that his 15-inch 2016 MacBook Pro is not eligible for service under Apple's

14    service program (Compl. ¶ 18), but he does allege any facts establishing that Apple did not provide

15    sufficient remedies for purchasers who are eligible under the program.  Accordingly, Plaintiff's claims

16    with respect to the 13-inch 2016 MacBook Pro are moot.  *In re MacBook Keyboard Litig.*, No. 5:18-cv-

17    02813-EJD, 2019 WL 1765817, at *8 (N.D. Cal. Apr. 22, 2019) (Davila, J.) (dismissing claims where

18    plaintiff failed to allege facts showing that an Apple service program did not moot them); *Cheng v. BMW*

19    *of N. Am., LLC*, No. CV 12–09262 GAF (SHx), 2013 WL 3940815, at *4 (C.D. Cal. July 26, 2013)

20    (dismissing claims with prejudice where, "simply as a practical matter, it is unclear how Plaintiff can

21    demonstrate injury in light of BMW's offer to completely repair the roll away defect").  For this reason

22    as well, the Court lacks subject matter jurisdiction.

23    **V.**      **PLAINTIFF HAS NOT STATED ANY FRAUD-BASED CLAIMS**

24        **A.**     **Plaintiffs' Allegations Do Not Satisfy Rule 9(b)**

25        Each of Plaintiff's claims is grounded in fraud.  For example, in support of his UCL and

26    fraudulent concealment claims, Plaintiff asserts that Apple knew, but failed to disclose, that the backlight

27    display ribbon cables in the 2016 MacBook Pros are defective.  *See, e.g.*, Compl. ¶¶ 37(a)–(e), 38, 41(a)–

28    (c), 49, 53.  Similarly, viewed in the context of the rest of the Complaint and the allegation of a "latent"

1   defect, Plaintiff's Song-Beverly Act claim is also grounded in fraud.  Compl. ¶ 64.  Thus, Plaintiff must

2   satisfy the heightened pleading requirements of Rule 9(b) with respect to each of his claims.  *See Shields*

3   *v. Alere Home Monitoring, Inc.*, No. C15-2580 CRB, 2015 WL 7272672, at *6 (N.D. Cal. Nov. 18,

4   2015) (holding that the plaintiff's claims were grounded in fraud where the plaintiff alleged that the

5   defendant misrepresented information and concealed knowledge of product defects); *Durkee v. Ford*

6   *Motor Co.*, No. C 14-0617 PJH, 2014 WL 4352184, at *7 (N.D. Cal. Sept. 2, 2014) (dismissing a Song-

7   Beverly Act claim alleged alongside fraud claims for failure to satisfy Rule 9(b) because "even though

8   the Song-Beverly Act cause of action, taken alone, may not clearly allege fraudulent conduct, the

9   remainder of the complaint is plainly grounded in fraud."); *Goldstein v. Gen. Motors LLC*, No. 3:19-

10  CV-01778-H-AHG, 2020 WL 1849659, at *10 (S.D. Cal. Apr. 13, 2020) (dismissing a Song-Beverly

11  Act claim where plaintiff's allegations of fraudulent concealment and tolling of the warranty period did

12  not satisfy Rule 9(b)'s pleading requirements).

13          Here, Plaintiff has not alleged the misrepresentations or omissions that he purportedly relied

14  upon, if any, with the particularity required by Rule 9(b).  Plaintiff alleges that, before purchasing his

15  laptop, he saw unspecified "display representations" and "advertisements and marketing materials in

16  which Apple represented "the MacBook had the best display to date."  Compl. ¶ 21.  These vague

17  allegations omit most of the detail required by Rule 9(b), including what representations were made

18  about the display, which advertisements or marketing materials Plaintiff saw, where Plaintiff saw them,

19  what was false in the display representations and/or the other advertisements and marketing material,

20  why such representations were false, and how, if at all, Plaintiff relied on the alleged statement(s).  *See*

21  *Davidson*, 2017 WL 976048, at *4.  Plaintiff also alleges later in the Complaint that, "[w]hen purchasing

22  a MacBook Pro, Plaintiff and the class members reasonably relied to their detriment upon Apple's

23  material misrepresentations and omissions regarding the quality of the MacBook Pro and the absence of

24

25

26

27

28

1    a product defect."  Compl. ¶ 55.  This conclusory allegation lacks any of the detail required by Rule

2    9(b).[5]

3         Plaintiff also failed to provide the required representative samples of advertisements, offers, or

4    other representations that he relied on to make his purchase and that failed to include the allegedly

5    omitted information.  *Palmer*, 2016 WL 1535087, at *5 (allegations of fraud were insufficient to satisfy

6    Rule 9(b) where plaintiff had not alleged "which specific advertisements or statements he personally

7    saw or when they were made" and "where the omitted information should or could have been revealed").

8    This too is inconsistent with the pleading requirements of Rule 9(b) and the Court should thus dismiss

9    the Complaint in its entirety.

10   **B.    Plaintiff's Fraudulent Concealment And Fraud-Based UCL Claims Are Deficient
         For Several Additional Reasons**

11

12       **1.    Plaintiff Has Not Identified Any Actionable Misrepresentation Or Partial
             Misrepresentation Requiring Qualification**

13       The Court should dismiss Plaintiff's fraudulent concealment and fraud-based UCL claims for the

14   additional reason that Plaintiff fails to identify any actionable misrepresentation or partial

15   misrepresentation requiring qualification by Apple.  As explained above, the only statement by Apple

16   that Plaintiff alleges that he reviewed prior to his purchase of a 15-inch 2016 MacBook Pro is a purported

17   statement that "the MacBook had the best display to date."  Compl. ¶ 21.  This is precisely the type of

18   generalized, vague, and unspecified assertion that courts in this district have found inactionable.  *See,*

19   *e.g.*, *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 575–76 (N.D. Cal. 2019) (granting Apple's motion to

20   dismiss UCL and fraudulent concealment claims where its statements included computer displays being

21   "clear and remarkably vivid," of the "highest quality," "the most advanced, most brilliant desktop

22   display[s] [Apple] ever built," and that "everything is designed to work just the way you expect it to");

23   *McKinney*, 2011 WL 3862120, at *6 (holding that statements of "higher performance," "longer battery

24

25   ――――――――――――――
     [5] This allegation also fails Rule 8(a)'s less stringent standard.  *See Haddock v. Countrywide Bank, NA*,

26   No. CV 14-6452-PSG (FFMx), 2015 WL 9257316, at *22 (C.D. Cal. Oct. 27, 2015) ("The FAC

27   conclusorily states that Plaintiff relied on the allegedly false representations . . . but offers no other facts

28   to support this assertion.  This does not satisfy Rule 8, let alone Rule 9(b)'s specificity requirement.").

1   life," "richer multimedia experience" and "faster access to data" were all inactionable) (internal

2   quotations and citations omitted).

3        Moreover, the statement that the MacBook had the "best display to date" does not address

4   durability at all, much less the durability of the backlight display ribbon cables connected to the display.

5   Accordingly, it does not need qualification.  *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 799 (N.D. Cal.

6   2019) (rejecting a similar argument that statements regarding the Apple Watch required qualification

7   because "none of the alleged misrepresentations about the waterproof nature of the Watch, the brightness

8   of its screen, the dual-core processor, and so on relate to the 'omitted' information: that the Watch screen

9   may detach, crack, or shatter because of the alleged defect.   In fact, none of the alleged

10  misrepresentations have anything to do with the Watch screen itself.  Therefore, no representation needs

11  to be qualified.").

12       **2.**     **Plaintiff Fails To Allege Facts Establishing That Apple Knew Of The Purported Defect At The Time Of His Purchase**

13

14       The Court should also dismiss Plaintiff's fraudulent concealment and fraud-based UCL claims

15  because the Complaint does not plead facts plausibly establishing Apple's knowledge of the purported

16  defect in 15-inch 2016 MacBook Pros at the time of Plaintiff's purchase in April 2017.  Although

17  Plaintiff makes the conclusory assertion that Apple received customer complaints "[u]pon releasing the

18  2016 models," Compl. ¶ 16, he does not provide any detail regarding these supposed early complaints.

19  Moreover, each of the actual examples identified in the Complaint post-date Plaintiff's purchase of his

20  15-inch MacBook Pro in April 2017.  *See* Compl. ¶ 27 (citing customer complaints on Internet discussion

21  boards during the months of September to November 2019); *Oestreicher v. Alienware Corp.*, 544 F.

22  Supp. 2d 964, 975 n.9 (N.D. Cal. 2008) (dismissing a fraudulent concealment claim because "[r]andom

23  anecdotal examples of disgruntled customers posting their views on websites" that do not pre-date

24  plaintiff's purchase of the product are "not enough to impute knowledge upon defendants").  Moreover,

25  Plaintiff's allegation that the backlight display ribbon cables in a later model of the MacBook Pro are

26  longer than the 13-inch 2016 MacBook Pro is irrelevant to establishing Apple's knowledge of a defect

27  at the time of Plaintiff's purchase in April 2017.  Apple could not owe a duty to disclose a fact that it did

28  not know.  This is also fatal to Plaintiff's omission claims.

1

### 3.   Plaintiff Fails To Allege Facts Establishing That Apple Owed A Duty To Disclose The Purported Defect

2

3          Even if Plaintiff had alleged facts establishing Apple's knowledge of a purported defect in his

4    15-inch 2016 MacBook Pro at the time of his purchase, which he has not, his fraudulent concealment

5    and fraud-based UCL claims are deficient for the additional reason that Plaintiff has not alleged facts

6    establishing that Apple owed a duty to disclose.  This Court has held that, "when a defect does not relate

7    to an unreasonable safety hazard, a defendant has a duty to disclose only when (1) the omission is

8    material; (2) the defect is central to the product's function; and (3) at least one of the following four

9    factors is met: the defendant is the plaintiff's fiduciary; the defendant has exclusive knowledge of

10   material facts not known or reasonably accessible to the plaintiff; the defendant actively conceals a

11   material fact from the plaintiff; or the defendant makes partial representations that are misleading

12   because some other material fact has not been disclosed."  *In re Apple Inc. Device Performance Litig.*,

13   386 F. Supp. 3d 1155, 1176 (N.D. Cal. 2019) (Davila, J.).

14         Here, Plaintiff does not allege facts establishing that the purported defect relates to an

15   unreasonable safety hazard or any other circumstance triggering a duty to disclose.  Plaintiff has not

16   satisfied prong (2)—that the defect is central to the product's function—because he does not allege that

17   his MacBook Pro no longer functions.  *See generally* Compl. ¶¶ 20–24.  While he asserts that, "[o]ver

18   time, the screen stops working entirely[,] which prevents the display from being used for its core

19   function," *id.* ¶ 63, that is not Plaintiff's situation.  Plaintiff alleges that his MacBook Pro has exhibited

20   only the "stage lighting" effect (*i.e.*, the display still works).  *Id.* ¶¶ 22–23.

21         Plaintiff has not alleged facts establishing prong (3) because he does not, and cannot, allege any

22   fiduciary relationship with Apple or allege any facts establishing that Apple took affirmative steps to

23   conceal the purportedly defective backlight ribbon cables.  Additionally, accepting Plaintiff's own

24   factual allegations as true, Apple could not have "exclusive knowledge" of the alleged defect where

25   customers were posting online about the same.  Compl. ¶ 27; *Ahern*, 411 F. Supp. 3d at 575 (noting

26   "dismissal is warranted when 'Plaintiffs do not allege with particularity how [Apple] had exclusive

27   knowledge of material facts not known to [Plaintiffs] when the complaint alleges that there were

28   consumer complaints posted on [Apple's website].'").

1    Accordingly, Plaintiff has not established that Apple owed a duty to disclose the purported defect

2    and the Court should dismiss his fraudulent concealment and fraud-based UCL claims for this reason as

3    well.

4    **VI.   PLAINTIFF HAS NOT STATED A CLAIM FOR BREACH OF THE SONG-BEVERLY ACT**

5

6        **A.   Plaintiff Does Not Allege Facts Establishing Any Breach Of Warranty**

7        "To state a viable claim under California's Song-Beverly Consumer Warranty Act, a plaintiff

8    must plead sufficiently a breach of warranty under California law." *Baltazar v. Apple Inc.*, No. CV-10-

9    3231-JF, 2011 WL 588209, at *3 (N.D. Cal. Feb. 10, 2011); *Birdsong v. Apple Inc.*, 590 F.3d 955, 958

10   n.2 (9th Cir. 2009) ("The substantive elements [of a warranty of merchantability per the California

11   Commercial Code] are the same under the Song-Beverly Act . . . .  Thus, because we conclude that the

12   plaintiffs have failed to state a claim for breach of an express or implied warranty, their claims under

13   [the Song-Beverly Act] are also properly dismissed.").

14       Plaintiff does not allege that Apple breached the applicable Limited Warranty on his MacBook

15   Pro.  Instead, he argues that Apple breached the implied warranty of merchantability.  But Plaintiff does

16   not plead any facts showing that the purportedly defective ribbon cables rendered his 15-inch 2016

17   MacBook Pro unfit for its ordinary purpose, either when sold, during any applicable warranty period, or

18   even now.  To be "merchantable," products need not be defect free—only "fit for the ordinary purposes

19   for which such goods are used."  Cal. Com. Code § 2314.  Thus, the "mere manifestation of a defect by

20   itself does not constitute a breach [of] the implied warranty of merchantability." *Stearns v. Select

21   Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *8 (N.D. Cal. June 5, 2009); *see also Am.

22   Suzuki v. Superior Court*, 37 Cal. App. 4th 1291, 1295 (1995).  Instead, a "defect must be sufficiently

23   serious so as to render the product unfit for its ordinary purpose." *Hovsepian v. Apple, Inc.*, No. 08-5788

24   JF (PVT), 2009 WL 2591445, at *6 (N.D. Cal. Aug. 21, 2009).  "A plaintiff who claims a breach of the

25   implied warranty of merchantability must show that the product 'did not possess even the most basic

26   degree of fitness for ordinary use.'" *Swearingen v. Amazon Preservation Partners, Inc.*, No. 13-CV-

27   04402-WHO, 2014 WL 3934000, at *1 (N.D. Cal. Aug. 11, 2014) (citation omitted).

28

1    Plaintiff has not pled facts establishing that this 15-inch 2016 MacBook Pro did not possess this

2    minimum level of quality.  As an initial matter, Plaintiff does not allege facts establishing what comprises

3    the ordinary functions of his MacBook Pro.  *See Tomek v. Apple Inc.*, No. 2-11-cv-02700, 2012 WL

4    2857035, at *7 (E.D. Cal. July 11, 2012) (dismissing breach of implied warranty where "Plaintiff has

5    failed to sufficiently identify what functions comprise the 'ordinary purpose' of the MacBook.").

6    Plaintiff also admits that he used his MacBook Pro for nearly three years without issue and, even now,

7    claims only that his MacBook Pro has exhibited the "stage lighting" effect—not the failure of the

8    backlighting system.   Moreover, Plaintiff alleges only that he took his MacBook Pro to an Apple

9    Authorized Service Provider to "fix his display," not that his device is unusable, and he does not allege

10   that he has stopped using his laptop.  Compl. ¶¶ 22–23.  These allegations are insufficient as a matter of

11   law.  *See, e.g.*, *Kent v. Hewlett-Packard Co.*, No. 09-5341 JF PVT, 2010 WL 2681767, at *4 (N.D. Cal.

12   July 6, 2010) (plaintiffs alleged that computers froze and locked up with frequency due to defect, but

13   failed to state claim for breach of implied warranty where they did "not allege that they have been forced

14   to abandon the use of their computers completely, that the computers freeze multiple times per day, or

15   that they in fact have lost data as a result of the malfunctions," nor "how often [their] computers exhibit

16   the subject problems").  *Baltazar*, 2011 WL 3795013, at *4 (iPad overheating quickly did not render it

17   unfit for its ordinary purpose); *Kacsuta v. Lenovo (United States) Inc.*, No. SACV 13-00316-

18   CJC(RNBx), 2013 WL 12126775, at *3 (C.D. Cal. July 16, 2013) (dismissing Song-Beverly claim where

19   there were "no allegations that the [Wi-Fi] defect caused a safety issue, or that it affected other uses for

20   the computer, such as word processing and non-internet media consumption").   Accordingly, Plaintiff

21   has not established any predicate breach of warranty under California law and his Song Beverly Act

22   must be dismissed.

23   **B.    Plaintiff's Song-Beverly Act Claim Is Deficient Because The One-Year Warranty Period Has Expired**

24

25   The Song-Beverly Act provides that the implied warranty of merchantability shall last "no [ ]

26   more than one year following the sale of new consumer goods to a retail buyer."  Cal. Civ. Code § 1791.1.

27   Additionally, the Limited Warranty limits the duration of any implied warranties not disclaimed

28   to one year (*i.e.*, the same term provided for by Apple's express warranty).  Specifically, it states:  "in

1    so far as such [implied] warranties cannot be disclaimed, Apple limits the duration and remedies of such

2    warranties to the duration of this express warranty." *See* Limited Warranty.  Durational limits on implied

3    warranties are valid and enforceable.  *See, e.g.*, *In re Sony Grand Wega KDF-E A10/A20 Series Rear*

4    *Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1100 (S.D. Cal. Nov. 30, 2010) ("By limiting

5    the duration of an Express Warranty, manufacturers may impose limits on implied warranties.").

6        Here, Plaintiff alleges that he purchased his MacBook Pro on April 20, 2017—over three years

7    ago.  Compl. ¶ 20.  The implied warranty of merchantability thus lapsed in April 2018, over two years

8    before Plaintiff brought this case.  Accordingly, Plaintiff cannot state a claim for breach of the implied

9    warranty of merchantability and his Song-Beverly Act claim fails with his inability to plead a warranty

10   claim.  *Marcus v. Apple Inc.*, No. C 14-03824 WHA, 2015 WL 1743381, at *5 (N.D. Cal. Apr. 16, 2015)

11   ("As to Marcus, his claim for breach of the implied warranty under Song-Beverly fails because the

12   alleged logic board design defect did not render his computer unmerchantable during the implied

13   warranty duration period.").

14       Nor can Plaintiff evade the dismissal of his Song-Beverly Act claim as untimely based on his

15   assertion of a latent defect.  While Plaintiff alleges his 15-inch 2016 MacBook Pro contains the "same

16   defect" as the 13-inch model (Compl. ¶ 18), he provides no factual support for that proposition, much

17   less enough support to make his allegation facially plausible.  *Twombly*, 550 U.S. at 570.  Plaintiff also

18   fails to allege any facts ruling out the alternative explanation that Apple included the 13-inch 2016

19   MacBook Pro, but not the 15-inch 2016 MacBook Pro, in the MacBook Pro Display Backlight Service

20   Program because the design of the 15-inch model was not the same.  *In re Century Aluminum Co., Secs.*

21   *Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one of

22   which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are

23   merely consistent with their favorable explanation, but are also consistent with the alternative

24   explanation.  Something more is needed, such as facts tending to exclude the possibility that the

25   alternative explanation is true, in order to render plaintiffs' allegations plausible.").

26       Furthermore, wear and tear of a component that, as Plaintiff admits, typically does not manifest

27   in display issues during any applicable warranty period (Compl. ¶ 13), should not be construed as a latent

28

1    defect; otherwise, the implied warranty of merchantability would become an insurance policy that a
2    product will work perfectly forever.

3        **C.    Plaintiff's Song-Beverly Act Claim Is Also Facially Overbroad**

4        If the Court is not inclined to dismiss the Song-Beverly Act in its entirety based on the infirmities
5    set forth above, it should at a minimum be significantly constrained.   The Song-Beverly Act is a
6    California consumer protection statute that covers all consumer retail goods sold in California that are
7    under an implied or express warranty.  *See generally* Cal. Civil Code §§ 1790–1795.8.   Plaintiff's
8    proposed nationwide class of "all purchasers of 2016-year MacBooks or later" exceeds the scope of the
9    Song-Beverly Act.

10       First, Plaintiff purports to assert a Song-Beverly Act claim on behalf of a nationwide class.  "By
11   its terms, the Song-Beverly Act applies only to goods sold in California."  *Elias v. Hewlett-Packard*, 950
12   F. Supp. 2d 1123, 1129 (N.D. Cal. 2013); *see also* Cal. Civ. Code § 1793.2(a).   The California
13   Commercial Code determines whether a consumer purchased a good in California for purposes of the
14   Song-Beverly Act.   The California Commercial Code provides that a good is sold in California if the
15   change in title occurred in California, where "change in title" generally means the place of delivery.  Cal.
16   Com. Code § 2401(2) ("Unless otherwise explicitly agreed title passes to the buyer at the time and place
17   at which the seller completes his performance with reference to the physical delivery of the goods."); *In*
18   *re NVIDIA GPU Litig.*, No. C 08-04312 JW, 2009 WL 4020104, at *5 (N.D. Cal. Nov. 19, 2009) ("Since
19   Plaintiffs do not restrict their Song-Beverly claim to Class Members who purchased the defective
20   products in the state of California, the claim fails.").   Accordingly, the Court should, at a minimum,
21   dismiss this claim as to non-California residents.

22       Second, the Song-Beverly Act also applies only to "consumer goods," which are defined in the
23   Act as "any new product or part thereof that is used, bought, or leased for use ***for personal, family, or***
24   ***household purposes***."  Cal. Civ. Code § 1791(a) (emphasis added), but Plaintiff's putative class includes
25   "***[a]ll*** persons within the United States who purchased a MacBook Pro 2016-year model or later."
26   Compl. ¶ 29 (emphasis added).   To the extent that Plaintiff purports to assert claims on behalf of
27   commercial entities or individual consumers who purchased MacBook Pros for commercial uses, the
28   Court should dismiss those claims.  *See Pac. Pulp Molding, Inc. v. Burchfield*, No. 15-CV-1602-AJB-

1   MDD, 2016 WL 6103086, at *6–7 (S.D. Cal. Jan. 27, 2016) (holding that the Song-Beverly Act does

2   not apply and dismissing claim where product in question was purchased for commercial use).

3          Third, Plaintiff's expansive proposed class definition encompasses consumers who purchased

4   used MacBook Pros on secondary markets.  Compl. ¶ 29.  To the extent that Plaintiff attempts to bring

5   claims on behalf of people who did not purchase their used MacBook Pros from Apple, the Court should

6   dismiss those claims.  *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1179 (N.D. Cal. 2017)

7   (dismissing Song-Beverly Act claim "[b]ecause the Song-Beverly Act does not create any obligation on

8   behalf of Nissan, the original car manufacturer, with respect to used goods" not purchased from the

9   original manufacturer).

10         Fourth, Plaintiff's class definition includes consumers who have never experienced any display

11  issues and consumers who participated in Apple's 13-inch MacBook Pro Display Backlight Service

12  Program.  To the extent that Plaintiff purports to assert claims on behalf of these consumers, the Court

13  should dismiss those claims because Plaintiff has not alleged, and cannot allege, the requisite breach of

14  warranty.

15  **VII.    PLAINTIFF HAS NOT STATED A CLAIM FOR VIOLATION OF THE UCL**

16         **A.     Plaintiff's "Unfair" UCL Claim Is Not Sufficiently Pled**

17         California courts have developed at least two tests for "unfairness" within the meaning of the

18  statute:  "(1) the tethering test, which requires that the public policy which is a predicate to a consumer

19  unfair competition action under the unfair prong of the UCL must be tethered to specific constitutional,

20  statutory, or regulatory provisions, . . . and (2) the balancing test, which examines whether the challenged

21  business practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers

22  and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to

23  the alleged victim . . . ."  *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1145–46 (N.D. Cal. 2013)

24  (internal citations and quotation marks omitted).  Plaintiff does not state a claim under either test.

25         Under the first test, Plaintiff must allege that Apple's purported conduct violated a public policy

26  that is "tethered" to specific constitutional, regulatory, or statutory provisions.  *Id.*  This "tethering" is

27  necessary because "[c]ourts may not simply impose their own notions of the day as to what is fair or

28  unfair."  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182, 185 (1999).

1   Plaintiff claims that Apple violated California public policy "legislatively declared in the Consumer

2   Legal Remedies Act and the Song-Beverly Consumer Warranty Act" because the MacBook Pros are not

3   "fit for their ordinary and intended purposes." Compl. ¶ 36. However, as discussed *infra* Section VI.A,

4   this is not true for Plaintiff. Plaintiff purchased his MacBook Pro in April 2017, and used his MacBook

5   Pro for nearly three years without issue.

6       The second test "examines whether the challenged business practice is 'immoral, unethical,

7   oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the

8   utility of the defendant's conduct against the gravity of the harm to the alleged victim.'" *Herskowitz*,

9   940 F. Supp. 2d at 1145–46 (citing *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257

10  (2010)) (internal citation and quotation marks omitted). Under this test, courts weigh the benefit of an

11  alleged practice against the harm it causes to consumers. *See Arena Rest. & Lounge LLC v. S. Glazer's

12  Wine & Spirits, LLC*, No. 17-CV-03805-LHK, 2018 WL 1805516, at *13 (N.D. Cal. Apr. 16, 2018).

13  Plaintiff's allegation of an "unfair" business practice under this test are grounded in fraud. However, as

14  discussed *supra* Section V.A, Plaintiff's conclusory allegations come nowhere close to meeting Rule

15  9(b)'s heightened pleading standard standard—*i.e.*, the requirement that Plaintiff plead "'the who, what,

16  when, where, and how' of the misconduct charged[.]" *Compare Vess v. Ciba-Geigy Corp. USA*, 317

17  F.3d 1097, 1106 (9th Cir. 2003) *with* Compl. ¶¶ 37(a) (no who, when, where, or how), 37(b) (same),

18  37(c) (same), 37(d) (same), 37(e) (same), 38 (same).

19      Additionally, Plaintiff concedes that there are consumer benefits resulting from the very

20  backlight display ribbon cables about which he complains, including "thinner and sleeker" laptops.

21  Compl. ¶ 9. But he does not allege sufficient facts to make it facially plausible that the purported

22  drawbacks to Apple's alleged design choices exceed the benefits. Most glaringly, Plaintiff fails to allege

23  *any* facts regarding the frequency of the manifestation of the purported defect in any model of the

24  MacBook Pro, much less in the 15-inch 2016 MacBook Pro that he personally purchased. *Herskowitz*,

25  940 F. Supp. 2d at 1145–46; *see also Arena Rest. & Lounge LLC*, 2018 WL 1805516, at *13. Instead,

26  Plaintiff laments, conclusorily, that "[t]he practice of selling defective laptops without providing an

27  adequate remedy to cure the defect, and continuing to sell those laptops without full and fair disclosure

28  of the defect, harms the public at large and is part of a common and uniform course of wrongful

1   conduct."[6] Compl. ¶ 38.  Plaintiff's allegations are insufficient to state a claim of "unfairness" under the

2   balancing test and, for this reason as well, the Court should dismiss Plaintiff's claim under the "unfair"

3   prong of the UCL.

4   **B.    Plaintiff's "Unlawful" UCL Claim Fails With His Claims For Its Predicate Unlawful Acts**

5

6   "[T]he UCL 'borrows violations of other laws and treats them as unlawful practices" that are

7   "independently actionable" under the statute.  *Moore*, 73 F. Supp. 3d at 1204 (citing *Cel-Tech*, 20 Cal.

8   4th at 180).  However, courts in the Ninth Circuit regularly dismiss "unlawful" UCL claims where the

9   plaintiff has not established a predicate violation of underlying law.  *See, e.g., id.* at 1202.

10  Plaintiff alleges that Apple's conduct "violates the Consumers [*sic*] Legal Remedies Act and the

11  Song-Beverly Consumer Warranty Act."  Compl. ¶ 35.  For the reasons discussed *supra* in Section VI,

12  Plaintiff's Song-Beverly Act claim is fatally deficient for multiple reasons.  Additionally, Plaintiff has

13  not brought an underlying claim of the Consumer Legal Remedies Act, nor could he since he fails to

14  identify any actionable misrepresentation or material omission by Apple.  *See supra* Section V.

15  Moreover, courts have dismissed UCL and CLRA claims based on the failure to disclose a purported

16  defect where, as here, it manifests after the applicable warranty period.  *Oestreicher*, 544 F. Supp. 2d at

17  973 (granting defendant's motion to strike plaintiff's UCL claim based on a purported CLRA violation

18  where "the failure to disclose a defect that might, or might not, shorten the effective life span of an

19  automobile part that functions precisely as warranted throughout the term of its express warranty cannot

20  be characterized as causing a substantial injury to consumers, and accordingly does not constitute an

21  unfair practice under the UCL") (internal quotation marks and citations omitted).  Because Plaintiff does

22  not, and cannot, state claims under the predicate laws underlying his "unlawful" UCL claim, this claim

23  fails.  *Rudd v. Borders, Inc.*, No. 09CV832 BTM (NLS), 2009 WL 4282013, at *2 (S.D. Cal. Nov. 25,

24  2009).

25  _____

    [6] As discussed *supra*, this "uniform course of wrongful conduct" is subject to Rule 9(b).  *Backhaut v.*
26  *Apple Inc.*, 74 F. Supp. 3d 1033, 1051 (N.D. Cal. 2014) ("Plaintiffs' allegations and arguments rely on
27  Defendant's alleged 'unified course of fraudulent conduct' as the basis of their claim, and as such, the
28  pleading must satisfy the heighted standard of Rule 9(b).").

1

**VIII.   CONCLUSION**

2      For the foregoing reasons, Apple respectfully requests that the Court dismiss Plaintiff's

3  Complaint in its entirety pursuant to Rule 12(b)(1) and Rule 12(b)(6).

4

5  Dated: July 1, 2020                          Respectfully submitted,

6                                               WEIL, GOTSHAL & MANGES LLP

7
                                               By:  _/s/ David R. Singh_____
8                                                   DAVID R. SINGH

9                                               Attorney for Defendant APPLE INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28