1    DAVID R. SINGH (Bar No. 300840)
     david.singh@weil.com
2    ANNE CAPPELLA (Bar No. 181402)
     anne.cappella@weil.com
3    AUDREY E. STANO (Bar No. 315370)
     audrey.stano@weil.com
4    NEECKAUN IRANI (Bar No. 324617)
     neeckaun.irani@weil.com
5    WEIL, GOTSHAL & MANGES LLP
     201 Redwood Shores Parkway, 6th Floor
6    Redwood Shores, CA 94065-1134
     Telephone: (650) 802-3000
7    Facsimile: (650) 802-3100
8

9    Attorneys for Defendant APPLE INC.

10

11                   UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14   MAHAN TALESHPOUR, RORY FIELDING,          Case No. 5:20-cv-03122-EJD
     PETER ODOGWU, WADE BUSCHER,
15   GREGORY KNUTSON, DARIEN HAYES,            **DEFENDANT APPLE INC.'S NOTICE OF**
     LIAM STEWART, NATHAN COMBS, and           **MOTION AND MOTION TO DISMISS**
16   KENDALL BARDIN on behalf of themselves    **SECOND AMENDED COMPLAINT;**
     and all members of the putative class,    **MEMORANDUM OF POINTS AND**
17                                             **AUTHORITIES IN SUPPORT THEREOF**
              Plaintiffs,
18                                             Date:   October 22, 2020
     v.                                        Time:   9:00 a.m.
19                                             Dept.:  Courtroom 4 – 5th Floor
     APPLE INC.,                               Judge:  Honorable Edward J. Davila
20
              Defendant.
21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on October 22, 2020, at 9:00 a.m., or as soon thereafter as the

4

matter may be heard, before the Honorable Edward J. Davila in Courtroom 4 – 5th Floor, located at the

5

Robert F. Peckman Federal Building, 280 South First Street, Fourth Floor, San Jose, California,

6

Defendant Apple Inc. ("Apple") will and hereby does move to dismiss all of Plaintiffs Mahan

7

Taleshpour, Rory Fielding, Peter Odogwu, Wade Buscher, Gregory Knutson, Darien Hayes, Liam

8

Stewart, Nathan Combs, and Kendall Bardin's ("Plaintiffs") California Unfair Competition Law (Count

9

1), Consumer Legal Remedies Act (Count 2), fraudulent concealment per California law (Count 3),

10

Song-Beverly Consumer Warranty Act (Count 4), Washington Consumer Protection Act (Count 5),

11

implied warranty of merchantability per Wash. Rev. Code § 62A.2-314 (Count 6), Florida Deceptive

12

and Unfair Trade Practices Act (Count 7), implied warranty of merchantability per Fla. Stat. § 672.314

13

(Count 8), New Jersey Consumer Fraud Act (Count 9), implied warranty of merchantability per N.J.

14

Stat. § 12A-314 (Count 10), Michigan Consumer Protection Act (Count 11), implied warranty of

15

merchantability per Mich. Stat. § 440.2314 (Count 12), Alaska Unfair Trade Practices and Consumer

16

Protection Act (Count 13), implied warranty of merchantability per Alaska. Stat. § 45.02.314 (Count

17

14), Missouri Consumer Protection Act (Count 15), implied warranty of merchantability per Mo. Rev.

18

Stat. § 400.2-314 (Count 16), Massachusetts Unfair and Deceptive Trade Practices Act (Count 17),

19

implied warranty of merchantability per Mass. Gen. Laws ch. 106 § 2-314 (Count 18), Texas Deceptive

20

Trade Practices Act (Count 19), and implied warranty of merchantability per Tex. Bus. & Com. Code §

21

2.314 (Count 20) claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of

22

subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.

23

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and

24

Authorities in support thereof, all other pleadings and papers on file herein, and such other argument and

25

evidence as may be presented to the Court.

26

27

28

1    Dated: August 21, 2020                    Respectfully submitted,

2                                              WEIL, GOTSHAL & MANGES LLP

3
                                              By:  /s/ David R. Singh
4                                                    DAVID R. SINGH

5
                                              Attorney for Defendant APPLE INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.   FACTUAL BACKGROUND ..............................................................................2

III.  LEGAL STANDARD............................................................................................4

    A.   Rule 8(a)......................................................................................................4

    B.   Rule 9(b) .....................................................................................................5

    C.   Rule 12(b)(1)...............................................................................................5

IV.  ARGUMENT .......................................................................................................6

    A.   The Court Should Dismiss All of Plaintiffs' Claims for Lack of Subject-Matter Jurisdiction..............................................................................................6

        1.   Plaintiffs Inaccurately Allege that the Length and Placement of the Display Ribbon Cables is the Same Across All 2016 and Later MacBook Pros .................................................................................................6

        2.   Plaintiffs Odogwu, Stewart, Combs, and Knutson Have Not Suffered Any Cognizable Injury-in-Fact ................................................................8

        3.   Plaintiffs Fielding, Knutson, Hayes, Buscher, and Taleshpour's Purported Injuries Are Not Traceable to the Alleged Defect or Alleged Conduct..............................................................................................9

    B.   Plaintiffs Have Not Stated Any Actionable Fraud Claims .................................10

        1.   Plaintiffs' Fraudulent Concealment, Song-Beverly Act, and Deceptive Trade Act Claims (Counts 1–5, 7, 9, 11, 13, 15, 17, and 19) Are Grounded In Fraud But Fail to Satisfy Rule 9(b) ..................................10

        2.   Plaintiffs Fail to Plausibly Allege Any Actionable or Deceptive Statement (Counts 1–3, 5, 7, 9, 11, 13, 15, 17, and 19)..........................12

        3.   Plaintiffs Fail to Allege Any Actionable Omission (Counts 1–3, 5, 7, 9, 11, 13, 15, 17, and 19) ......................................................................14

            a.   Plaintiffs Fail to Plausibly Allege a Defect.................................14

            b.   Plaintiffs Did Not Establish Apple Knew of the Alleged Defect..........................................................................................15

            c.   Plaintiffs Do Not Allege Facts Sufficient to Trigger a Duty to Disclose.......................................................................................17

C.    Plaintiffs Have Not Alleged Any Actionable Implied Warranty Claims (Counts 6, 8, 10, 12, 14, 16, 18, and 20) ................................................................................19

    1.    Apple Effectively Disclaimed the Implied Warranty of Merchantability or, Alternatively, Limited Its Duration to One Year...............................19

    2.    Plaintiffs Have Not Plead Facts Sufficient to Allege a Breach of the Implied Warranty of Merchantability ......................................................20

D.    Plaintiff Taleshpour Has Not Stated a Claim for Violation of the Song-Beverly Act (Count 4) .......................................................................................................21

    1.    Plaintiff Taleshpour Does Not Allege Facts Establishing a Predicate Breach of Warranty under California Law .............................................21

    2.    Plaintiff Taleshpour's Latent Defect Argument Fails............................22

E.    Plaintiff Taleshpour Does Not State a Claim for Violation of the UCL (Count 1) ...................................................................................................................23

    1.    Plaintiff Taleshpour's "Unfair" UCL Claim Is Not Sufficiently Plead ..23

    2.    Plaintiff Taleshpour's "Unlawful" UCL Claim Fails with Its Predicate Claims ..................................................................................................24

F.    Several of Plaintiffs' Claims (Counts 2, 4, 11, and 15) Are Facially Overbroad Because They Include MacBook Pros Purchased for Commercial Use .............25

V.    CONCLUSION.................................................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACH Enters. 1 LLC v. Viking Yacht Co.*,
   817 F. Supp. 2d 465 (D.N.J. 2011) ................................................................................ 20

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) ............................................................................... 5, 21

*Ahern v. Apple Inc.*,
   411 F. Supp. 3d 541 (N.D. Cal. 2019) ........................................................................ 13

*Alban v. BMW of N. Am., LLC*,
   2010 WL 3636253 (D.N.J. Sept. 8, 2010) .............................................................. 16, 20

*Am. Suzuki v. Sup. Ct.*,
   37 Cal. App. 4th 1291 (1995) ..................................................................................... 22

*In re Apple Inc. Device Performance Litig.*,
   386 F. Supp. 3d 1155 (N.D. Cal. 2019) (Davila, J.) .................................................... 17

*Armour v. Alaska Power Auth.*,
   765 P.2d 1372 (Alaska 1988) ...................................................................................... 20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................. 5, 14

*Baker v. United States*,
   722 F.2d 517 (9th Cir. 1983) ......................................................................................... 6

*Baltazar v. Apple Inc.*,
   2011 WL 588209 (N.D. Cal. Feb. 10, 2011) .......................................................... 21, 22

*Baughn v. Honda Motor Co.*,
   107 Wash. 2d 127 (1986) ............................................................................................ 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................... 5, 19

*Berenblat v. Apple Inc.*,
   2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) ............................................................... 19

*Birdsong v. Apple Inc.*,
   590 F.3d 955 (9th Cir. 2009) ...................................................................................... 21

*Bos. Helicopter Charter, Inc. v. Agusta Aviation Corp.*,
   767 F. Supp. 363 (D. Mass. 1991) .............................................................................. 20

*Budach v. NIBCO, Inc.*,
 2015 WL 3853298 (W.D. Mo. June 22, 2015) ............................................................ 13

*Burdt v. Whirlpool Corp.*,
 2015 WL 4647929 (N.D. Cal. Aug. 5, 2015) ............................................................ 17

*Clemens v. DaimlerChrysler*,
 534 F.3d 1017 (9th Cir. 2008) ............................................................ 24

*Clevenger & Wright Co. v. A. O. Smith Harvestore Prod., Inc.*,
 625 S.W.2d 906 (Mo. Ct. App. 1981) ............................................................ 20

*Cook, Perkins and Liehe, Inc. v. N. California Collection Serv., Inc.*,
 911 F.2d 242 (9th Cir. 1990) ............................................................ 13

*Cormier v. Carrier Corp.*,
 2018 WL 5304788 (C.D. Cal. Oct. 22, 2018) ............................................................ 17

*Daugherty v. Am. Honda Motor Co.*,
 144 Cal. App. 4th 824 (2006) ............................................................ 24

*Davidson v. Apple Inc.*,
 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ............................................................ 5, 12

*DeBurro v. Apple Inc.*,
 2013 WL 5917665 (W.D. Tex. Oct. 31, 2013) ............................................................ 13, 19, 20

*Donahue v. Apple Inc.*,
 871 F. Supp. 2d 913 (N.D. Cal. 2012) ............................................................ 17

*Duffy v. Samsung Elecs. Am., Inc.*,
 2007 WL 703197 (D.N.J. Mar. 2, 2007) ............................................................ 18

*Durkee v. Ford Motor Co.*,
 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) ............................................................ 11

*Elfaridi v. Mercedes-Benz USA, LLC*,
 2018 WL 4071155 (E.D. Mo. Aug. 27, 2018) ............................................................ 15, 17, 20

*Family Boating & Marine Ctrs. v. Bell*,
 779 So. 2d 402 (Fla. Dist. Ct. App. 2000) ............................................................ 19

*Fayer v. Vaughn*,
 649 F.3d 1061 (9th Cir. 2011) ............................................................ 5

*Finigan-Mirisola v. DaimlerChrysler Corp.*,
 2007 WL 1977505 (Mass. App. Ct. July 9, 2007) ............................................................ 21

*Foster v. Essex Prop., Inc.*,
 2017 WL 264390 (N.D. Cal. Jan. 20, 2017) (Davila, J.) ............................................................ 6, 7, 8, 10

*In re Gen. Motors Air Conditioning Mktg. and Sales Practices Litig.*,
406 F. Supp. 3d 618 (E.D. Mich. 2019)..................................................................20

*Glass v. Allis-Chalmers Corp.*,
618 F. Supp. 314 (E.D. Mo. 1985)........................................................................14

*Haddock v. Countrywide Bank, NA*,
2015 WL 9257316 (C.D. Cal. Oct. 27, 2015).......................................................12

*Hall v. SeaWorld Entm't Inc.*,
2016 WL 4595948 (S.D. Cal. May 13, 2016).........................................................17

*Harbridge v. Schwarzenegger*,
2011 WL 6960830 (C.D. Cal. Aug. 31, 2011)..........................................................8

*Herskowitz v. Apple Inc.*,
940 F. Supp. 2d 1131 (N.D. Cal. 2013) ................................................................23

*Hovsepian v. Apple Inc.*,
2009 WL 2591445 (N.D. Cal. Aug. 21, 2009) .......................................................21

*In re Int'l Harvester Co.*,
104 F.T.C. 949 (1984)............................................................................................15

*Isaac v. Ashley Furniture Indus., Inc.*,
2017 WL 4684027 (D. Mass. Oct. 18, 2017).........................................................13

*Kacsuta v. Lenovo (United States) Inc.*,
2013 WL 12126775 (C.D. Cal. July 16, 2013).......................................................22

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ..........................................................................5, 11

*Kidwell v. Wagoner*,
2010 WL 11507301 (M.D. Fla. Sep. 10, 2010) .....................................................13

*Klickitat Cty. Pub. Util. Dist. No. 1 v. Stewart & Stevenson*,
2006 WL 908042 (E.D. Wash. Apr. 7, 2006) ........................................................19

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .................................................................................3

*Kodiak Elec. Ass'n, Inc. v. Delaval Turbine, Inc.*,
694 P.2d 150 (Alaska 1985)...................................................................................20

*Logan Equip. Corp. v. Simon Aerials, Inc.*,
736 F. Supp. 1188 (D. Mass. 1990) .......................................................................19

*Long v. Hewlett-Packard Co.*,
    2007 WL 2994812 (N.D. Cal. July 27, 2007), *aff'd*, 316 Fed. App'x 585 (9th Cir.
    2009) ............................................................................................................................... 14

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................................... 5, 6

*Maloney v. Microsoft Corp.*,
    2012 WL 715856 (D.N.J. Mar. 5, 2012) ....................................................................... 14

*Marcus v. Apple Inc.*,
    2015 WL 1743381 (N.D. Cal. Apr. 16, 2015) ............................................................... 15

*Mattingly v. Palmer Ridge Homes LLC*,
    157 Wash. App. 376, 238 P.3d 505 (2010) .................................................................. 20

*May v. AC & S, Inc.*,
    812 F. Supp. 934 (E.D. Mo. 1993) ............................................................................... 20

*McCarthy v. United States*,
    850 F.2d 558 (9th Cir. 1988) .......................................................................................... 7

*McKinney v. Google, Inc.*,
    2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) (Davila, J.).......................................... 12

*Miller v. Gen. Motors, LLC*,
    2018 WL 2740240 (E.D. Mich. June 7, 2018).......................................................... 15, 20

*Moore v. Apple Inc.*,
    73 F. Supp. 3d 1191 (N.D. Cal. 2014) ....................................................................... 5, 24

*NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
    926 F.3d 528 (9th Cir. 2019) .......................................................................................... 6

*New England Power Co. v. Riley Stoker Corp.*,
    20 Mass. App. Ct. 25, 477 N.E.2d 1054 (1985) ........................................................... 20

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ..................................................................... 16, 24

*Palmer v. Apple Inc.*,
    2016 WL 1535087 (N.D. Cal. Apr. 15, 2016) .............................................................. 12

*Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human
    Servs.*,
    946 F.3d 1100 (9th Cir. 2020) ........................................................................................ 6

*Priano-Keyser v. Apple Inc.*,
    2019 WL 7288941 (D.N.J. Dec. 30, 2019)................................................................... 19

*Rabieh v. United States*,
  2019 WL 5788673 (N.D. Cal. Nov. 6, 2019) (Davila, J.)..................................................... 6

*Ram Int'l Inc. v. ADT Sec. Servs., Inc.*,
  2011 WL 5244936 (E.D. Mich. Nov. 3, 2011), *aff'd*, 555 F. App'x 493 (6th Cir.
  2014) ............................................................................................................................. 13

*Resnick v. Hyundai Motor Am., Inc.*,
  2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ................................................................. 15

*Roe v. Ford Motor Co.*,
  2019 WL 3564589 (E.D. Mich. Aug. 6, 2019) ......................................................... 14, 17

*Royal Typewriter Co. v. Xerographic Supplies Corp.*,
  719 F.2d 1092 (11th Cir. 1983) ..................................................................................... 20

*Rudd v. Borders, Inc.*,
  2009 WL 4282013 (S.D. Cal. Nov. 25, 2009) ................................................................ 25

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) .......................................................................................... 6

*Safeway Stores v. Certainteed Corp.*,
  710 S.W.2d 544 (Tex. 1986)........................................................................................... 20

*Satre v. Wells Fargo Bank, N.A.*,
  2014 WL 12921393 (N.D. Cal. Sept. 16, 2014) ................................................................ 8

*Sims v. Kia Motors Am., Inc.*,
  2014 WL 12558249 (C.D. Cal. Mar. 31, 2014)............................................................... 14

*Slebodnik v. Reynolds & Reynolds*,
  2014 WL 6609132 (D.N.J. Nov. 20, 2014) ..................................................................... 21

*Slobin v. Henry Ford Health Care*,
  469 Mich. 211 (2003) ..................................................................................................... 25

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television
  Litig.*,
  758 F. Supp. 2d 1077 (S.D. Cal. 2010).............................................................. 14, 22, 24

*Speier Roche v. Volkswagen Grp. of Am. Inc.*,
  2014 WL 1745050 (S.D. Fla. Apr. 30, 2014) ................................................................. 20

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016)............................................................................................ 5, 6, 10

*Stearns v. Select Comfort Retail Corp.*,
  2009 WL 1635931 (N.D. Cal. June 5, 2009) .................................................................. 22

*Stolzenburg v. Biewer Lumber*,
   2016 WL 3582032 (E.D. Mo. June 28, 2016) ........................................................ 19

*Swearingen v. Amazon Preservation Partners, Inc.*,
   2014 WL 3934000 (N.D. Cal. Aug. 11, 2014) ...................................................... 22

*Taragan v. Nissan N. Am., Inc.*,
   2013 WL 3157918 (N.D. Cal. June 20, 2013) ...................................................... 23

*Tatum v. Chrysler Grp. LLC.*,
   2011 WL 1253847 (D.N.J. Mar. 28, 2011) .......................................................... 13

*Tietsworth v. Sears*,
   2010 WL 1268093 (N.D. Cal. Mar. 31, 2010) ................................................ 23, 24

*Tomasella v. Nestle USA, Inc.*,
   962 F.3d 60 (1st Cir. 2020) .................................................................................. 17

*Utica Nat. Ins. Grp. v. BMW of N. Am., LLC*,
   45 F. Supp. 3d 157 (D. Mass. 2014) .................................................................... 16

*Vess v. Ciba-Geigy Corp., USA*,
   317 F.3d 1097 (9th Cir. 2003) ....................................................................... 11, 24

*Vitt v. Apple Computer Inc.*,
   469 F. App'x 605 (9th Cir. 2012) ........................................................................ 15

*Warth v. Seldin*,
   422 U.S. 490 (1975) .............................................................................................. 6

*White v. Medtronic, Inc.*,
   2019 WL 1339613 (E.D. Mich. Feb. 20, 2019) .................................................. 19

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ............................................................................. 16

*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004) ................................................................................ 6

*Zanger v. Gulf Stream Coach, Inc.*,
   2006 WL 1494952 (E.D. Mich. May 25, 2006) .................................................. 21

**Statutes**

Alaska Stat. Ann. § 45.02.316(b) ............................................................................ 19

Cal. Civ. Code § 1761(a) ......................................................................................... 25

Cal. Civ. Code § 1791(a) ......................................................................................... 25

Cal. Com. Code § 2314 ............................................................................................ 21

APPLE'S MOTION TO DISMISS SECOND
AMENDED COMPLAINT
      viii
      CASE NO. 5:20-CV-03122-EJD

Fed. R. Civ. P. 8(a) ................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ............................................................................................... 5

Fed. R. Civ. P. 9(b) ........................................................................................... *passim*

Fed. R. Civ. P. 12(b)(1) .............................................................................. 2, 5, 7, 25

Fed. R. Civ. P. 12(b)(6) .................................................................................... 5, 25

Fed. R. Evid. 201 ...................................................................................................... 3

Fla. Stat. § 672.314 ................................................................................................. 20

Mass. Gen. Law 93A ........................................................................................ 15, 17

Missouri Rev. Stat. § 407.025 .................................................................................. 25

Wash. Rev. Code § 62A.2-314 ................................................................................ 20

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3

Rather than address the deficiencies identified in Apple's motion to dismiss Plaintiff

4

Taleshpour's original complaint, the Second Amended Complaint ("**SAC**") doubles down on the same

5

deficient theories and adds eight additional named plaintiffs.  But none of the now nine named plaintiffs

6

(collectively, "**Plaintiffs**") have standing to assert any of their claims.  Seven of the named plaintiffs

7

lack standing because their MacBook Pro devices do not even contain the alleged design defect, a

8

purportedly two-millimeter too short backlight cable that wears and tears over time.  Their purported

9

injuries are thus not "fairly traceable" to Apple's challenged conduct, as required for Article III standing.

10

Eight of the named plaintiffs—including the only two plaintiffs who purchased devices incorporating

11

the allegedly defective backlight cable—lack standing for a myriad of other reasons, such as not

12

purchasing their devices or complaining about display issues unrelated to the purported design defect.

13

Lacking even a single plaintiff with standing, the SAC fails at the threshold.

14

Plaintiffs' SAC also suffers from a litany of fatal pleading deficiencies:

15

First, Plaintiffs (still) have not stated any fraud claims.  Their UCL, CLRA, fraudulent

16

concealment, Song-Beverly Act, and deceptive trade practice act claims under other states' laws are

17

grounded in fraud, but Plaintiffs do not satisfy the heightened pleading requirements of Rule 9(b).  Nor

18

do Plaintiffs satisfy the Rule 8 plausibility standard.  They state no plausible claim based on purported

19

affirmative misrepresentations:  they allege no exposure to any actionable statements by Apple, much

20

less about the durability of their MacBook Pros' displays.  Indeed, courts routinely dismiss deceptive

21

trade practice act claims where a product performs beyond its warranty period, and Plaintiffs admit that

22

their devices performed well beyond the relevant one-year limited warranty on their MacBook Pros.  Nor

23

do Plaintiffs state any plausible claims based on alleged omissions because Plaintiffs fail to allege facts

24

(1) sufficient to establish performance issues resulting from a defect versus ordinary wear and tear of

25

components in electronic devices; (2) establishing Apple's knowledge of the purported backlight cable

26

defect (including when they purchased their MacBook Pros); and (3) sufficient to trigger a duty to

27

disclose.

28

Second, Plaintiffs' newly minted implied warranty of merchantability claims also fail.  The

limited warranty on Plaintiffs' MacBook Pros effectively disclaimed and/or limited the duration of the implied warranty of merchantability to one year, barring Plaintiffs' implied warranty of merchantability claims.  And Plaintiffs do not allege facts sufficient to establish that their devices were not merchantable. Precisely the opposite:  as noted above, they admit that their devices performed beyond the one-year warranty period, and most of Plaintiffs' devices still perform ordinary laptop functions.

Third, despite opportunities to amend, Plaintiff Taleshpour's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") claim remains deficient.  To state a claim under the Song-Beverly Act, a plaintiff must state a breach of warranty claim under California state law.  No plaintiff, including the California plaintiff (Taleshpour), alleges any breach of express warranty.  Further, while Plaintiff Taleshpour asserts that Apple breached the implied warranty of merchantability, he does not allege facts establishing that his device is not merchantable.

Fourth, Plaintiff Taleshpour's various Unfair Competition Law ("UCL") claims fail with his other claims, including because failure to disclose a defect that may shorten the life of a consumer product is not actionable under the UCL where, as here, the product functions as warranted throughout its warranty period.

Fifth, Plaintiffs' Consumer Legal Remedies Act ("CLRA"), Song-Beverly Act, Michigan Consumer Protection Act, and Missouri Merchandising Practices Act claims are overbroad because the proposed subclasses include purchases for commercial use.

For all of these reasons, as discussed below, the Court should dismiss Plaintiffs' SAC in its entirety.

## II.   FACTUAL BACKGROUND[1]

Plaintiffs allegedly purchased "MacBook Pro[s] 2016-year model or later."  SAC ¶¶ 84, 85.  They identify marketing statements by Apple describing the 13- and 15-inch 2016 model MacBook Pro devices as "revolutionary" and "groundbreaking" with "breakthrough performance" and indicating that they feature "the brightest and most colorful Retina display yet" and the "best Mac display ever."  SAC ¶ 16.  Plaintiffs also allegedly relied on representations "such as these" when deciding to purchase a

---

[1] This statement of facts is based on the allegations in Plaintiffs' SAC, which are assumed true solely for purposes of this motion to dismiss, except as challenged with respect to Apple's Rule 12(b)(1) motion.

MacBook Pro.  *Id.*    Each Plaintiff allegedly saw unidentified "display representations" and "advertisements and marketing materials" where Apple "represented the MacBook had the best display to date" prior to purchasing their MacBook Pros.  SAC ¶¶ 34, 40, 45, 50, 55, 60, 65, 70, 75.

Apple provides purchasers of MacBook Pros with a one-year limited warranty;[2] consumers may also elect to purchase an AppleCare service plan extending the duration and scope of coverage.  The Limited Warranty warrants "against defects in materials and workmanship when used normally in accordance with Apple's published guidelines for a period of ONE (1) Year from the date of original retail purchase by the end-user purchaser ('Warranty Period')."  *See* Singh Decl. Ex. A (the "**Limited Warranty**").[3]  However, the Limited Warranty does not warrant against "defects caused by normal wear and tear or otherwise due to the normal aging of the Apple Product."  *Id.*  The Limited Warranty also states, in a section entitled "WARRANTY LIMITATIONS SUBJECT TO CONSUMER LAW" (capital letters and underlining in original):

> TO THE EXTENT PERMITTED BY LAW, THIS WARRANTY AND THE REMEDIES SET FORTH ARE EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, REMEDIES AND CONDITIONS, WHETHER ORAL, WRITTEN, STATUTORY, EXPRESS OR IMPLIED. APPLE DISCLAIMS ALL STATUTORY AND IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY . . . AND WARRANTIES AGAINST HIDDEN OR LATENT DEFECTS TO THE EXTENT PERMITTED BY LAW. IN SO FAR AS SUCH WARRANTIES CANNOT BE DISCLAIMED, APPLE LIMITS THE DURATION AND REMEDIES OF SUCH WARRANTIES TO THIS EXPRESS WARRANTY AND, AT APPLE'S OPTION, THE REPAIR OR REPLACEMENT SERVICES DESCRIBED BELOW.

*Id.* (capital letters in original).

---

[2] Apple attaches true and correct copies of the Limited Warranty in effect when Plaintiffs allegedly purchased their devices as Exhibits A and B to the Declaration of David R. Singh filed concurrently (the "**Singh Decl.**").  Although Plaintiffs did not attach any version of the Limited Warranty to the SAC, their claims rely on the terms of the Limited Warranty and terms of the Limited Warranty are judicially noticeable.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); Fed. R. Evid. 201.  The Court may thus consider their content in ruling on this motion.

[3] This language, and all language quoted from the Limited Warranty, appears in all versions of the Limited Warranty applicable when Plaintiffs allegedly purchased MacBook Pros.  *See* Singh Decl. ¶¶ 4, 5.

1    Plaintiffs acknowledge that their MacBook Pros performed without issue during and beyond the

2    Warranty Period and do not allege that Apple failed to honor any warranty claims tendered during the

3    Warranty Period.  SAC ¶¶ 33, 35, 39, 41, 44, 46, 49, 51, 54, 56, 59, 61, 64, 66, 69, 71, 74, 76.

4    Plaintiffs allege that the "placement and configuration" of the backlight cables in the 13-inch

5    2016 MacBook Pro (that no Plaintiff owns) cause these cables to "rub against the control board and start

6    to tear" because the cables "are too short and do not provide enough slack to withstand the repetitive

7    opening and closing of the MacBook Pros" (the "**Alleged Defect**") and that the internal design of the

8    15-inch 2016 MacBook Pro is "substantially similar."  SAC ¶¶ 18–19, 31.  They further allege that the

9    Alleged Defect manifests in one of three ways:  (1) a "'stage lighting' effect," whereby "alternating

10   patches of light and darkness [appear] on the bottom of the display"; (2) "chunks of color" that obscure

11   "other text and images"; and/or (3) "a complete failure of the backlighting system" when opened beyond

12   a certain angle.  *Id*. ¶¶ 20–22.

13   The original complaint alleged that Apple "remed[ied] the [alleged] defect" in the July 2018

14   MacBook Pros by increasing the length of the ribbon cables by two millimeters, giving them "more room

15   to wrap around the display board so it doesn't rub against it when the laptop is opened and closed."  Dkt.

16   1 ("**Compl.**") ¶ 17.  Without explanation, Plaintiffs now allege that Apple "attempt[ed] to remedy" the

17   Alleged Defect by releasing new MacBook Pros "with backlight ribbon display cables two millimeters

18   longer than in the earlier models" in July 2018.  SAC ¶ 30.

19   For purposes of this motion to dismiss, Apple groups Plaintiffs' claims into the following four

20   categories:  (1) violations of the Alaska, Florida, Massachusetts, Michigan, Missouri, New Jersey, Texas,

21   and Washington deceptive trade practice acts (Counts 5, 7, 9, 11, 13, 15, 17, and 19) and the UCL (Count

22   1) and CLRA (Count 2) (collectively, the "**Deceptive Trade Act**" claims); (2) fraudulent concealment

23   under California law (Count 3); (3) breach of the implied warranty of merchantability under Alaska,

24   Florida, Massachusetts, Michigan, Missouri, New Jersey, Texas, and Washington law (Counts 6, 8, 10,

25   12, 14, 16, 18, and 20) (collectively, the "**Implied Warranty**" claims); and (4) violations of the Song-

26   Beverly Act (Count V).  SAC ¶¶ 89–285.

27   **III.    LEGAL STANDARD**

28   **A.    Rule 8(a)**

Rule 8(a)(2) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must be dismissed for failure to state a claim under Rule 12(b)(6) if the plaintiff either fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory. *See id.* at 562–63. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must allege facts that, if taken as true, raise more than a speculative right to relief. *See Bell Atl. Corp.*, 550 U.S. at 555. The Court need not "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B.      Rule 9(b)**

Where a plaintiff alleges "a unified course of fraudulent conduct" and "rel[ies] entirely on that course of conduct as the basis of that claim," the claim is grounded in fraud and Rule 9(b) applies. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *see also Moore v. Apple Inc.*, 73 F. Supp. 3d 1191, 1198 (N.D. Cal. 2014). A claim grounded in fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this heightened standard, "claims sounding in fraud must allege 'an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Davidson v. Apple Inc.*, 2017 WL 976048, at *4 (N.D. Cal. Mar. 14, 2017) (internal citation omitted). When asserting a fraud-based claim, the plaintiff must also set forth "what is false or misleading about a statement, and why it is false." *Id.* (internal citation omitted); *see also Kearns*, 567 F.3d at 1124 ("A party alleging fraud must 'set forth more than the neutral facts necessary to identify the transaction.'").

**C.      Rule 12(b)(1)**

The "irreducible constitutional minimum of standing" consists of three elements, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992): "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision"—"injury in fact," "causation," and "redressability," respectively. *Spokeo*,

*Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see, e.g.*, *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020).  Plaintiffs bear the burden of establishing the existence of Article III standing and, at the pleading stage, "must 'clearly . . . allege facts demonstrating' each element."  *Spokeo*, 136 S. Ct. at 1547.  "The facts to show standing must be clearly apparent on the face of the complaint."  *Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983).

"In a class action, this standing inquiry focuses on the class representatives."  *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019).  The named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

A defendant may either challenge jurisdiction "facially" by arguing the complaint "on its face" lacks jurisdiction or "factually" by presenting extrinsic evidence demonstrating the lack of jurisdiction on the facts of the case.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In resolving a factual attack, the district court may review evidence beyond the complaint without converting the motion to dismiss into one for summary judgment.  *See Rabieh v. United States*, 2019 WL 5788673, at *3 (N.D. Cal. Nov. 6, 2019) (Davila, J.).

## IV.   ARGUMENT

### A.   The Court Should Dismiss All of Plaintiffs' Claims for Lack of Subject-Matter Jurisdiction

#### 1.   Plaintiffs Inaccurately Allege that the Length and Placement of the Display Ribbon Cables is the Same Across All 2016 and Later MacBook Pros

To have Article III standing, Plaintiffs must show that their purported injury-in-fact is "fairly traceable" to Apple's challenged conduct.  *Lujan*, 504 U.S. at 590.  This requires Plaintiffs to establish a causal connection between their purported injury-in-fact and their theory of liability.  *See, e.g.*, *Foster v. Essex Prop., Inc.*, 2017 WL 264390, at *3 (N.D. Cal. Jan. 20, 2017) (Davila, J.).

Here, Plaintiffs contend that the placement and configuration of the backlight cables within the MacBook Pro devices they purchased are substantially similar to those in the 13-inch 2016 MacBook Pro that is eligible for Apple's service program.  SAC ¶¶ 18–19, 31.  But they concede that the relevant aspect of design is the length of the backlight cables, *i.e.*, they are allegedly two millimeters too short

(*see id.*), and argue that the backlight cables in MacBook Pros other than the 13-inch 2016 model are the same length and have the same alleged defect.  *Id.* ¶¶ 18, 23, 31.

Plaintiffs are wrong with respect to at least seven of the nine devices at issue.  As set forth below, the backlight cables in seven of nine of the named plaintiffs' MacBook Pro devices are at least two millimeters longer than the backlight cables in the 13-inch MacBook Pro introduced in 2016 and eligible for the service program.  *See* Dkt. 20-1 ¶ 4.

| Plaintiffs' Devices | Backlight Cable Length | Same as 13-inch MacBook Pro Introduced in 2016? |
|---|---|---|
| Plaintiffs Taleshpour and Buscher [MacBook Pro (15-inch, 2016)] | 46.86 mm | No |
| Plaintiff Odogwu [MacBook Pro (13-inch, 2017)] | 46.57 mm | No |
| Plaintiffs Bardin, Fielding and Stewart [MacBook Pro (15-inch, 2017)] | 46.86 mm | No |
| Plaintiff Combs [MacBook Pro (15-inch, 2018)] | 46.86 mm | No |

*See* Supplemental Declaration of Jeffrey LaBerge filed concurrently (the "**LaBerge Decl.**"), ¶ 5.[4]

Plaintiffs claim that, had they known of the Alleged Defect, they either "would not have purchased [their] MacBook [Pros] or would have paid significantly less" for them.  SAC ¶¶ 38, 43, 48, 53, 58, 63, 68, 73, 78.  Even assuming that susceptibility of the backlight cables to ordinary wear and tear could constitute a defect, which, as explained *infra*, it cannot, there is no causal nexus between these seven named plaintiffs' purported injury and their theory of liability that the backlight cables were two millimeters too short.  Apple did not incorporate the allegedly two-millimeter-too-short cables in their devices.

And speculation that the longer backlight cables in Plaintiffs' devices are too short does not suffice as a matter of law.  Plaintiffs allege no facts supporting this conclusion.  Moreover, the original

---

[4] The Court may consider the LaBerge and Foster Declarations on this motion to dismiss.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

complaint conceded that Apple "remed[ied] the [alleged] defect" in the July 2018 MacBook Pros by increasing the length of the backlight cables by two millimeters, giving them "more room to wrap around the display board so it doesn't rub against it when the laptop is opened and closed." Compl. ¶ 17.  While Plaintiffs now state that this was only an "attempt to remedy" the Alleged Defect (SAC ¶ 30), "[w]here allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may . . . strike the changed allegations as false and sham." *Harbridge v. Schwarzenegger*, 2011 WL 6960830, at *8 (C.D. Cal. Aug. 31, 2011) (internal quotation marks omitted); *Satre v. Wells Fargo Bank, N.A.*, 2014 WL 12921393, at *10 (N.D. Cal. Sept. 16, 2014) (same). Because the backlight cables in MacBook Pros purchased by seven of the nine named plaintiffs are at least two millimeters longer than those in the 13-inch MacBook Pros introduced in 2016 that are eligible for Apple's service program, these plaintiffs' purported injuries are not traceable to the Alleged Defect. Accordingly, their claims should be dismissed for lack of subject-matter jurisdiction. *See Foster*, 2017 WL 264390, at *3.

### 2.   Plaintiffs Odogwu, Stewart, Combs, and Knutson Have Not Suffered Any Cognizable Injury-in-Fact

Four named plaintiffs lack standing for the additional reason that they have suffered no cognizable injury-in-fact:

Plaintiffs Odogwu and Stewart lack standing because they did not personally purchase the MacBook Pros that they allege are defective.  Contrary to their allegations (SAC ¶¶ 44, 64), neither of them personally purchased their MacBook Pros.  *See* Declaration of Matthew Foster, filed concurrently (the "**Foster Decl.**"), ¶¶ 5-8.

Plaintiff Knutson lacks standing because, while he implies that he incurred repair expenses as a result of the Alleged Defect (SAC ¶¶ 56–57), in fact, Apple replaced his display assembly (including the allegedly defective backlight cables) free of charge.  *See* Foster Decl. ¶ 4.  Plaintiff Knutson has not reported further issues with his MacBook Pro since Apple replaced his display assembly.  *Id.*

Plaintiff Combs lacks standing because he allegedly purchased a 15-inch 2018 MacBook Pro on July 20, 2018 (SAC ¶ 69), but the original complaint admitted that Apple remedied the Alleged Defect in July 2018 by releasing new 13- and 15-inch MacBook Pros "with backlight ribbon display cables two

millimeters longer than in the earlier models."  Compl. ¶ 17.  As explained above, Plaintiffs cannot disavow this admission.

### 3. Plaintiffs Fielding, Knutson, Hayes, Buscher, and Taleshpour's Purported Injuries Are Not Traceable to the Alleged Defect or Alleged Conduct

Five named plaintiffs' purported injuries are not traceable to the Alleged Defect for other reasons:

Plaintiffs Fielding, Knutson and Hayes do not allege that their MacBook Pros exhibited "stage lighting," but all instead claim that they "began exhibiting vertical pink lines"—a purported manifestation of the Alleged Defect.  SAC ¶¶ 21, 41, 56, 61.  They are mistaken.  The "vertical pink lines" on MacBook Pros purportedly shown in Figure 7 are *not* traceable to the Alleged Defect or a symptom that is the subject of the Apple 13-inch MacBook Pro Display Backlight Service Program.  LaBerge Decl. ¶ 6; SAC ¶ 31.

The same is true for Plaintiff Buscher, who claims that his MacBook Pro exhibited the "stage lighting" effect.  SAC ¶ 51.  Apple records indicate that Plaintiff Buscher called to complain about "flickering violet" light on his MacBook Pro display.  Foster Decl. ¶ 9.  "Flickering violet" light is *not* traceable to the Alleged Defect or backlight cable issue that is the subject of the aforementioned service program.  LaBerge Decl. ¶ 8; SAC ¶ 31.

Nor is Plaintiff Taleshpour's alleged injury traceable to the Alleged Defect.  While he claims that his 15-inch 2016 MacBook Pro exhibited the "stage lighting" effect, SAC ¶ 35, photos in the SAC show otherwise.  Figure 8—purporting to exemplify "more severe display backlighting systems" (SAC ¶ 21)—is a photo of *Plaintiff Taleshpour's* MacBook Pro (prompting him to enter his password).  *Compare id.* Figure 8 *with id.* Figure 6 (showing alleged "stage lighting" effect).  Plaintiff Taleshpour's MacBook Pro did not exhibit the "stage lighting" effect and the display issue in Figure 8 is not traceable to the Alleged Defect.  LaBerge Decl. ¶ 7; SAC ¶ 31.

To summarize, as set forth in the chart below, all nine of the named plaintiffs lack standing.  Some lack standing because their devices did not incorporate the allegedly two millimeter too short backlight cables, some lack standing because they have no injury-in-fact, some lack standing because their injuries are not traceable to the alleged defect, and still others lack standing because of some combination of the foregoing.  Because these Plaintiffs lack Article III standing, the Court should dismiss

each of them and, because they are the sole class representatives for their respective states, the Court should also dismiss their corresponding claims. *Spokeo*, 136 S. Ct. at 1547; *Foster*, 2017 WL 264390, at *3.

| Plaintiff | Standing Deficiency | State/Counts |
|---|---|---|
| Peter Odogwu | No injury-in-fact because he did not purchase his device and any purported injury and any injury is not traceable to Apple's challenged conduct because his device did not incorporate the allegedly defective backlight cables | MA (Counts 17–18) |
| Liam Stewart | No injury-in-fact because he did not purchase his device and any injury is not traceable to Apple's challenged conduct because his device did not incorporate the allegedly defective backlight cables | NJ (Counts 9–10) |
| Gregory Knutson | No injury-in-fact because Apple replaced his display assembly for free and the display issue (vertical pink lines) is not traceable to the Alleged Defect | WA (Counts 5–6) |
| Nathan Combs | No injury-in-fact because he purchased a "remedied" 15-inch 2018 MacBook Pro and any injury is not traceable to Apple's challenged conduct because his device did not incorporate the allegedly defective backlight cables | MI (Counts 11–12) |
| Rory Fielding | Display issue (vertical pink lines) is not traceable to the Alleged Defect and any injury is not traceable to Apple's challenged conduct because his device did not incorporate the allegedly defective backlight cables | FL (Counts 7–8) |
| Darien Hayes | Display issue (vertical pink lines) is not traceable to the Alleged Defect | MO (Counts 15–16) |
| Wade Buscher | Display issue (flickering violet light) is not traceable to the Alleged Defect and any injury is not traceable to Apple's challenged conduct because his device did not incorporate the allegedly defective backlight cables | AK (Counts 13–14) |
| Mahan Taleshpour | Display issue is not traceable to the Alleged Defect and any injury is not traceable to Apple's challenged conduct because his device did not incorporate the allegedly defective backlight cables | CA (Counts 1-4) |
| Kendall Bardin | Any injury is not traceable to Apple's challenged conduct because his device did not incorporate the allegedly defective backlight cables | TX (Counts 19-20) |

**B.     Plaintiffs Have Not Stated Any Actionable Fraud Claims**

**1.     Plaintiffs' Fraudulent Concealment, Song-Beverly Act, and Deceptive Trade**

**Act Claims (Counts 1–5, 7, 9, 11, 13, 15, 17, and 19) Are Grounded In Fraud But Fail to Satisfy Rule 9(b)**

Regardless of the title of a particular claim, allegations grounded in fraud are subject to Rule 9(b)'s pleading requirements.  *See Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  Even where fraud is not an essential element of a claim, Rule 9(b) applies where a complaint "rel[ies] entirely on [a fraudulent course of conduct] as the bases of that claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)."  *Kearns*, 567 F.3d at 1125 (internal quotation marks omitted); *Durkee v. Ford Motor Co.*, 2014 WL 4352184, at *7 (N.D. Cal. Sept. 2, 2014) (dismissing Song-Beverly Act claim because, "even though the Song-Beverly Act cause of action, taken alone, may not clearly allege fraudulent conduct, the remainder of the complaint is plainly grounded in fraud.").

Plaintiffs' fraudulent concealment, Song-Beverly Act, and various state Deceptive Trade Act (including UCL and CLRA) claims are all grounded in fraud.  Plaintiffs allege that Apple:

- "knowingly and intentionally concealed" the Alleged Defect, including by promoting MacBook Pro devices' superior displays "despite knowing the MacBook Pros were defective" and "intentionally deleted complaints" about the MacBook Pros from Apple discussion forums (*see, e.g.*, SAC ¶¶ 98(a), (c), (d) (UCL));

- "[a]dvertised the MacBook Pros with the intent not to sell them as advertised" and knowingly made misrepresentations about the MacBook Pros (*see, e.g.*, *id.* ¶¶ 109(a)–(c), 110 (CLRA));

- "intentionally suppressed and concealed material facts about the performance and quality of the MacBook Pro" (*see, e.g.*, *id.* ¶ 120 (fraudulent concealment));

- knowingly sold MacBook Pros with the Alleged Defect, "engaged in deceptive trade practices" "by promoting the high quality and premium features of the MacBook display while willfully failing to disclose and actively concealing the display's defective nature," and "omitt[ed] material facts in describing the MacBook" (*see, e.g.*, *id.* ¶¶ 218–20 (Alaska Unfair Trade Practices and Consumer Protection Act), ¶¶ 167–68 (Florida Deceptive and Unfair Trade Practices Act), ¶¶ 254–56 (Massachusetts Unfair and Deceptive Trade

Practices Act), ¶¶ 203–05 (Michigan Consumer Protection Act), ¶ 238 (Missouri Merchandising Practices Act), ¶¶ 186–87 (New Jersey Consumer Fraud Act), ¶¶ 272 (Texas Deceptive Trade Practices Consumer Protection Act), ¶¶ 147–49 (Washington Consumer Protection Act)); and

▪ failed to disclose a "latent" defect such that the relevant one-year Warranty Period should be tolled (*see*, *e.g.*, *id.* ¶¶ 136–37 (Song-Beverly Act)).

Plaintiffs have not alleged the misrepresentations or omissions that they purportedly reviewed and relied on, if any, with the particularity required by Rule 9(b). Plaintiffs repeat the same boilerplate allegation: they saw unidentified "display representations" and "advertisements and marketing materials" where Apple "represented the MacBook had the best display to date" prior to purchasing their MacBook Pros. SAC ¶¶ 34, 40, 45, 50, 55, 60, 65, 70, 75. As with its counterpart in the original complaint (Compl. ¶ 21), this allegation still omits virtually all of the detail needed to satisfy Rule 9(b), including what representations were made about the display, which advertisements or marketing materials Plaintiffs saw, what was false in the display representations and/or other advertisements and marketing materials, why such representations were false, and how, if at all, Plaintiffs relied on the alleged statement(s). *See Davidson*, 2017 WL 976048, at *4. Plaintiff Taleshpour further alleges that "Plaintiffs and the class members reasonably relied to their detriment upon APPLE's material misrepresentations and omissions regarding the quality of the MacBook Pro and the absence of a product defect," SAC ¶ 126, but this allegation also lacks any of the detail required by Rule 9(b).[5]

Additionally, Plaintiffs' SAC still fails to provide representative samples of advertisements, offers, or other representations that they relied on to make their purchases and that failed to include the allegedly omitted information. This, too, is inconsistent with the pleading requirements of Rule 9(b) and warrants dismissal of Plaintiffs' UCL, CLRA, fraudulent concealment, Song-Beverly Act, and Deceptive Trade Act claims. *See Palmer v. Apple Inc.*, 2016 WL 1535087, at *5 (N.D. Cal. Apr. 15, 2016); *McKinney v. Google, Inc.*, 2011 WL 3862120, at *5 (N.D. Cal. Aug. 30, 2011) (Davila, J.) (same).

**2.    Plaintiffs Fail to Plausibly Allege Any Actionable or Deceptive Statement**

---

[5] This allegation also fails Rule 8(a)'s plausibility standard. *See Haddock v. Countrywide Bank, NA*, 2015 WL 9257316, at *22 (C.D. Cal. Oct. 27, 2015).

1

2

**(Counts 1–3, 5, 7, 9, 11, 13, 15, 17, and 19)**

3

4

The Court should dismiss Plaintiffs' Deceptive Trade Act under the various state statutes and

5 fraudulent concealment claims for the additional reason that Plaintiffs do not identify any actionable

6 statement. As explained above, the ***only*** statement by Apple that Plaintiffs allege that they reviewed

prior to purchasing their MacBook Pros is that "the MacBook had the best display to date." SAC ¶¶ 34,

7 40, 45, 50, 55, 60, 65, 70, 75. Such generalized, vague, and unspecified assertions are not actionable

8 under applicable law. *See Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 575–76 (N.D. Cal. 2019); *Isaac v.*

9 *Ashley Furniture Indus., Inc.*, 2017 WL 4684027, at *2 (D. Mass. Oct. 18, 2017); *Budach v. NIBCO,*

10 *Inc.*, 2015 WL 3853298, at *7 (W.D. Mo. June 22, 2015); *DeBurro v. Apple Inc.*, 2013 WL 5917665, at

11 *5 (W.D. Tex. Oct. 31, 2013); *Ram Int'l Inc. v. ADT Sec. Servs., Inc.*, 2011 WL 5244936, at *8 (E.D.

12 Mich. Nov. 3, 2011), *aff'd*, 555 F. App'x 493 (6th Cir. 2014); *Tatum v. Chrysler Grp. LLC.*, 2011 WL

13 1253847, at *4 (D.N.J. Mar. 28, 2011); *Kidwell v. Wagoner*, 2010 WL 11507301, at *4 (M.D. Fla. Sep.

10, 2010); *Baughn v. Honda Motor Co.*, 107 Wash. 2d 127, 152 (1986).[6]

14

Even assuming that one could construe Apple's representation as sufficiently relating to absolute

15 characteristics of the MacBook Pros to be actionable, Plaintiffs have not plausibly alleged that the

16 representation was false or deceptive. The statement that Plaintiffs allegedly relied upon—that the 13

17 and 15-inch 2016 MacBook Pros had the "best display to date"—does not address the useful life of the

18 backlight cables or displays. Apple's only representation about durability was the Limited Warranty,

19 which does not guarantee that MacBook Pros will be defect-free, but rather specifies that Apple will

20 repair or replace any covered defects in materials or workmanship during the Warranty Period. Because

21 Apple made no other representations regarding the expected life of the MacBook Pros or its component

22

23

---

[6] Alaska courts have not decided whether puffery is a defense to an Alaska Unfair Trade Practices Act

24 claim, but the Alaska legislature noted that weight should be given to interpretation of Section 5(a) of

25 the FTC Act. AS § 45.50.545. Puffery is a recognized defense in the FTC context. *Cook, Perkins and*

26 *Liehe, Inc. v. N. California Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) ("In the FTC context,

27 we have recognized puffery in advertising to be 'claims [which] are either vague or highly subjective.'

28 . . . 'Advertising which merely states in general terms that one product is superior is not actionable.'").

parts, consumers could only expect the MacBook Pros to function properly for the length of the Warranty Period. *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1089 (S.D. Cal. 2010) (explaining that "[w]here a manufacturer has expressly warranted a product, consumers can only expect that product to function properly for the length of the manufacturer's express warranty" and dismissing claims under forty states' deceptive trade practice acts); *Long v. Hewlett-Packard Co.*, 2007 WL 2994812, at *8 (N.D. Cal. July 27, 2007), *aff'd*, 316 Fed. App'x 585 (9th Cir. 2009) ("HP is not alleged to have made any representation as to the life of [its laptops]. As such, a consumer's only reasonable expectation was that the [laptops] would function properly for the duration of HP's limited one-year warranty. HP fulfilled this expectation."). This is fatal to Plaintiffs' fraudulent concealment and Deceptive Trade Act claims because they admit that their MacBook Pros performed without issue during and beyond the Warranty Period.

### 3. Plaintiffs Fail to Allege Any Actionable Omission (Counts 1–3, 5, 7, 9, 11, 13, 15, 17, and 19)

#### a. Plaintiffs Fail to Plausibly Allege a Defect

Plaintiffs' fraudulent concealment, Song-Beverly Act, and various state Deceptive Trade Practice Act (including UCL and CLRA) claims all stem from the contention that Apple failed to disclose a defect in the MacBook Pros. But Plaintiffs have not alleged sufficient facts to make it "plausible," and not merely "possible," that their display issues are the result of a defect rather than simple ordinary wear and tear. *Iqbal*, 556 U.S. at 678. To plausibly allege a defect, Plaintiffs must allege facts establishing a "substantial certainty" that the MacBook Pros will fail during their useful life. *Sims v. Kia Motors Am., Inc.*, 2014 WL 12558249, at *7 (C.D. Cal. Mar. 31, 2014) (plaintiffs must at least show that the product "contains an inherent defect which is substantially certain to result in malfunction during the useful life of the product.").

The law in the other jurisdictions at issue is in accord. *E.g.*, *Roe v. Ford Motor Co.*, 2019 WL 3564589, at *7 (E.D. Mich. Aug. 6, 2019) (dismissing claim where "complaint gives little indication of the water pump's failure rate or how that rate compares to the failure rate of a part that the law would deem 'defective.'"); *Maloney v. Microsoft Corp.*, 2012 WL 715856, at *7 (D.N.J. Mar. 5, 2012) (1.3% of cases with cracked LCF screen "is too small [] to afford an inference of a design defect"); *Glass v.*

1    *Allis-Chalmers Corp.,* 618 F. Supp. 314, 316 (E.D. Mo. 1985) ("To hold a manufacturer or seller liable

2    for . . . ordinary wear and tear would be to place the manufacturer or seller in the place of an insurer.").[7]

3         Here, Plaintiffs do not allege facts making it plausible that they experienced any alleged display

4    issues as a result of a defect rather than ordinary wear and tear.  For example, they do not allege that any

5    MacBook Pro model had a failure rate exceeding industry standards, much less with respect to the

6    devices Plaintiffs' purchased (as opposed to in the 13-inch 2016 MacBook Pros eligible for the Apple

7    service program and excluded from Plaintiffs' proposed class definitions).  Moreover, the only factual

8    allegation regarding the MacBook Pros' useful life is the one-year Limited Warranty, and Plaintiffs

9    concede that their MacBook Pros performed during and beyond the Warranty Period.  *See infra* Sections

10   IV.C.2 and D.1.  In short, Plaintiffs attempt to stretch the concept of a "defect" beyond plausibility to

11   include ordinary wear and tear.  That cannot be, and is not, the law.  *Vitt v. Apple Computer Inc.*, 469 F.

12   App'x 605, 608 (9th Cir. 2012) (no actionable defect where "the defect alleged in this case is that one of

13   the iBook G4's components 'wears out or breaks over time because of use' at a rate faster than consumers

14   would reasonably expect" and does not "have any effect on the iBook G4's functionality until it fails.").

15                    **b.      Plaintiffs Did Not Establish Apple Knew of the Alleged Defect**

16        Even if Plaintiffs had plausibly alleged a defect, their omission-based claims fail for the

17   additional reason that they do not adequately allege that Apple knew that any MacBook Pro had the

18   Alleged Defect at the time of sale.  This is essential for Plaintiffs' omission-based claims.  *See Elfaridi*

19   *v. Mercedes-Benz USA, LLC*, 2018 WL 4071155, at *7 (E.D. Mo. Aug. 27, 2018) (Missouri and

20   Washington law); *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *13–15 (E.D. Mich. June 7, 2018)

21   (Michigan, Massachusetts, and Washington law); *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL

22   1531192, at *20–21 (C.D. Cal. Apr. 13, 2017) (Florida and Texas law); *Marcus v. Apple Inc.*, 2015 WL

23   _____

     [7] Alaska and Massachusetts courts have not decided whether a "defect" requires a substantial certainty

24   of failure.  However, Mass. Gen. Law 93A—like the Alaska Unfair Trade Practice Act—specifies that

25   weight should be given to interpretations of section 5(a) of the FTC Act.  Mass. Gen. Law 93A § 2.  The

26   FTC has held that failure to disclose a defect is not deceptive if the statistical probability of a defect

27   manifesting is low.  *See In re Int'l Harvester Co.*, 104 F.T.C. 949, 1059 (1984) (holding that, because

28   the statistical probability of fuel geysering was low, failure to disclose the risk was not a deceptive act).

1743381, at *4 (N.D. Cal. Apr. 16, 2015) (Texas law); *Utica Nat. Ins. Grp. v. BMW of N. Am., LLC*, 45

F. Supp. 3d 157, 163 (D. Mass. 2014) (Massachusetts law); *Wilson v. Hewlett-Packard Co.*, 668 F.3d

1136, 1145–48 (9th Cir. 2012) (California law); *Alban v. BMW of N. Am., LLC*, 2010 WL 3636253, at

*11 (D.N.J. Sept. 8, 2010) (to state omission-based New Jersey Deceptive Trade Act claim, complaint

must say when defendant learned of effect, how it gained that knowledge, who at the company possessed

said knowledge, and when or how the decision was made to conceal the alleged defect from customers).

Plaintiffs have not alleged Apple's knowledge of the Alleged Defect.  The SAC includes a list of

eight anonymous message board posts about MacBook Pros—most, if not all, of which relate to 15-inch

2016 MacBook Pros and none of which relate to any MacBook Pro model 2017-year or later.  SAC ¶ 81.

While Plaintiffs include these posts in an attempt to allege that Apple had knowledge of the Alleged

Defect, they actually show precisely the opposite because each post ***post-dates*** Plaintiffs' MacBook Pro

purchases:

| Date | Event | SAC ¶ |
|---|---|---|
| Apr. 13, 2016 | Plaintiff Buscher purchases 15-inch 2016 MacBook Pro | 49 |
| Sept. 2016 | Plaintiff Hayes purchases 15-inch 2016 MacBook Pro | 59 |
| Nov. 6, 2016 | Plaintiff Knutson purchases 15-inch 2016 MacBook Pro | 54 |
| "In 2017" | Plaintiff Bardin purchases 15-inch 2017 MacBook Pro | 74 |
| "In 2017" | Plaintiff Stewart purchases 15-inch 2017 MacBook Pro | 64 |
| Apr. 13, 2017 | Plaintiff Taleshpour purchases 15-inch 2017 MacBook Pro | 33 |
| Apr. 13, 2017 | Plaintiff Odogwu purchases 13-inch 2017 MacBook Pro | 44 |
| Aug. 2017 | Plaintiff Fielding purchases 15-inch 2017 MacBook Pro | 39 |
| July 20, 2018 | Plaintiff Combs purchases 15-inch 2018 MacBook Pro | 69 |
| Sept. 13, 2019 | Kennday posts 15-inch 2016 MacBook Pro purchased at end of 2017 | 81 |
| Sept. 19, 2019 | Vijaynlsn posts about 15-inch MacBook Pro (year unspecified) | 81 |
| Sept. 21, 2019 | Furnu_thtsme posts about 15-inch 2016 MacBook Pro | 81 |
| Oct. 7, 2019 | Marekziz posts about 15-inch MacBook Pro (year unspecified) | 81 |
| Oct. 11, 2019 | Davidbenedek posts about 15inch MacBook Pro (year unspecified) | 81 |
| Oct. 21, 2019 | Dylan1222 posts about 15-inch 2016 MacBook Pro | 81 |
| Oct. 25, 2019 | Keelie_ posts about 15-inch MacBook Pro (year unspecified) | 81 |
| Nov. 20, 2019 | Abo2019 posts about 15-inch 2016 MacBook Pro | 81 |

Moreover, eight anonymized posts regarding models purchased by hundreds of thousands of

consumers are insufficient to impute knowledge of the Alleged Defect to Apple, especially where the

majority of the posts are generally about display issues and do not identify the Alleged Defect itself.

*Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 975 n.9 (N.D. Cal. 2008) ("Random anecdotal

1   examples of disgruntled customers posting their views on websites" are not sufficient to impute

2   knowledge); *see also Elfaridi*, 2018 WL 4071155, at *5.

3        Presumably recognizing the need to buttress their allegations of Apple's knowledge, the SAC

4   adds that testing by Apple's Reliability Engineers put Apple on notice of the Alleged Defect.  SAC ¶ 29.

5   But this unsupported assertion is also insufficient.  *Roe*, 2019 WL 3564589, at *6 (declining to "infer

6   that the water-pump testing revealed some type of defect" where "amended complaint does not say what

7   the testing revealed"); *Burdt v. Whirlpool Corp.*, 2015 WL 4647929, at *4 (N.D. Cal. Aug. 5, 2015)

8   ("Prerelease testing is common and Plaintiff must allege more than an undetailed assertion that the

9   testing must have revealed the alleged defect.").

10

11        **c.**     **Plaintiffs Do Not Allege Facts Sufficient to Trigger a Duty to Disclose**

12        The states at issue have generally rejected a broad duty to disclose purported product defects.

13   For example, this Court has held that, "when a defect does not relate to an unreasonable safety hazard, a

14   defendant has a duty to disclose only when (1) the omission is material; (2) the defect is central to the

15   product's function; and (3) at least one of the following four factors is met:  the defendant is the plaintiff's

16   fiduciary; the defendant has exclusive knowledge of material facts not known or reasonably accessible

17   to the plaintiff; the defendant actively conceals a material fact from the plaintiff; or the defendant makes

18   partial representations that are misleading because some other material fact has not been disclosed."  *In

19   re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1176 (N.D. Cal. 2019) (Davila, J.).[8]

20   ───────────────

21   [8] *See also* AS § 45.50.545 (interpretation of Section 2(a) of the FTC Act should be given weight in

22   construing the Alaska Unfair Trade Practices Act); *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 72 (1st

23   Cir. 2020) (citing FTC Act interpretations, holding that there was no duty to disclose on packaging that

24   chocolate products likely contained cocoa beans farmed by child and slave labor and, therefore, no

25   violation of Mass. Gen. Laws 93A); *Cormier v. Carrier Corp.*, 2018 WL 5304788, at *6–7 (C.D. Cal.

26   Oct. 22, 2018) (no omission claim under Michigan Consumer Protection Act absent duty to disclose);

27   *Hall v. SeaWorld Entm't Inc.*, 2016 WL 4595948, at *2, *6 (S.D. Cal. May 13, 2016) (dismissing Florida

28   Deceptive and Unfair Trade Practices Act and Texas Deceptive Trade Practices Consumer Protection

   Act claims for failure to allege facts sufficient to trigger duty to disclose); *Donahue v. Apple Inc.*, 871 F.

1    Here, Plaintiffs do not allege facts establishing that the Alleged Defect relates to an unreasonable

2    safety hazard or other circumstance triggering a duty to disclose.  Plaintiffs Buscher, Stewart, and Combs

3    have not satisfied prong (2)—that the Alleged Defect is central to the product's function—because they

4    do not plausibly allege that their MacBook Pros are inoperable.  *See infra* Section IV.C.2.  And none of

5    the Plaintiffs have alleged facts establishing prong (3) because they cannot allege any fiduciary

6    relationship with Apple, and, as discussed *supra* Section IV.B.3.b, Plaintiffs do not plausibly allege that

7    Apple knew of the Alleged Defect at the time of sale, much less that Apple had exclusive knowledge of

8    the Alleged Defect.[9]  And, as explained *supra* Section IV.B.3.c, Plaintiffs have not identified any partial

9    representations requiring qualification.

10    Attempting to preempt Apple's argument, the SAC alleges that Apple "actively conceal[ed]" the

11    Alleged Defect "by deleting similar complaints" about the Alleged Defect "from discussion forums" on

12    its website.  SAC ¶¶ 82, 98(d), 124, 148, 167, 187, 204, 219.  These allegations are devoid of the

13    particularity required by Rule 9(b).  Plaintiffs do not allege ***who*** deleted the complaints, ***what*** complaints

14    were deleted, ***when*** the complaints were deleted, or from ***where*** the complaints were deleted.  *Id*.  The

15    allegation also fails under Rule 8's plausibility standard.  Plaintiffs do not allege that they reviewed

16    discussion forums (or any complaints therein) prior to purchasing their devices.  *Id*. ¶¶ 34, 40, 45, 50,

17    55, 60, 65, 70, 75.  Thus, even if Apple did delete complaints (and there is not support that it did), Apple

18    did not "conceal" them from Plaintiffs.  Moreover, it is implausible that Apple would conceal some—

19    but not all—complaints about the Alleged Defect from its website and, in any event, courts in this district

20

21    Supp. 2d 913, 925–26 (N.D. Cal. 2012) (dismissing Washington Consumer Protection Act claim for

22    failure to allege circumstances triggering duty to disclose); *Duffy v. Samsung Elecs. Am., Inc*., 2007 WL

23    703197, at *8 (D.N.J. Mar. 2, 2007) (rejecting any duty to disclose after the warranty period on a product

24    expired and dismissing a New Jersey Consumer Fraud Act claim because "[t]o recognize Plaintiff's

25    [claimed duty] would essentially extend the warranty period beyond that to which the parties agreed.").

26    [9] Even if Plaintiffs' allegations of a handful of anonymous Internet posts were sufficient to establish

27    Apple's knowledge of the Alleged Defect at the time of Plaintiffs' purchases—which they are not—that

28    would foreclose the allegation that Apple had exclusive knowledge of the Alleged Defect, as required to

trigger a duty to disclose.

1   have held that the removal of complaints from Apple's website is insufficient to establish a duty to

2   disclose. *See Bell Atl.*, 550 U.S. at 570; *Berenblat v. Apple Inc.*, 2010 WL 1460297, at *9 (N.D. Cal.

3   Apr. 9, 2010) (allegation that Apple deleted discussion thread of 350 posts was insufficient to establish

4   concealment).

5       **C.**    **Plaintiffs Have Not Alleged Any Actionable Implied Warranty Claims (Counts 6, 8,**

6              **10, 12, 14, 16, 18, and 20)**

7           **1.**    **Apple Effectively Disclaimed the Implied Warranty of Merchantability or,**
              **Alternatively, Limited Its Duration to One Year**

8         Plaintiffs' Implied Warranty claims fail because the Limited Warranty disclaims all implied

9   warranties. Sellers in Alaska, Florida, Massachusetts, Michigan, Missouri, New Jersey, Texas, and

10   Washington may modify or exclude the implied warranty of merchantability with a conspicuous

11   disclaimer. *See, e.g.,* Alaska Stat. Ann. § 45.02.316(b); *Priano-Keyser v. Apple Inc.*, 2019 WL 7288941,

12   at *9 (D.N.J. Dec. 30, 2019); *White v. Medtronic, Inc.*, 2019 WL 1339613, at *7 (E.D. Mich. Feb. 20,

13   2019); *Stolzenburg v. Biewer Lumber*, 2016 WL 3582032, at *6 (E.D. Mo. June 28, 2016); *Deburro*,

14   2013 WL 5917665, at *6–7 (dismissing implied warranty of merchantability claim under Texas law with

15   respect to allegedly defective MacBook Pros because, based on provisions in Limited Warranty at issue

16   here, Apple disclaimed the implied warranty of merchantability or limited it to one year); *Klickitat Cty.*

17   *Pub. Util. Dist. No. 1 v. Stewart & Stevenson*, 2006 WL 908042, at *14 (E.D. Wash. Apr. 7, 2006);

18   *Logan Equip. Corp. v. Simon Aerials, Inc.*, 736 F. Supp. 1188, 1197 (D. Mass. 1990); *Family Boating*

19   *& Marine Ctrs. v. Bell*, 779 So. 2d 402, 403 (Fla. Dist. Ct. App. 2000). Here, Apple's Limited Warranty

20   prominently, conspicuously, and effectively disclaims all implied warranties because it states in clear

21   language that Apple disclaims all implied warranties, including "WARRANTIES OF

22   MERCHANTABILITY" (capital letters in original); the section heading, "<u>WARRANTY</u>

23   <u>LIMITATIONS SUBJECT TO CONSUMER LAW</u>," is in all capital letters and underlined; and the

24   disclaimer language appears near the top of the warranty. *See* Limited Warranty.

25         Further, even if Plaintiffs could show that the implied warranty of merchantability was not

26   disclaimed, which they cannot, the Limited Warranty clearly limits the duration of any implied

27   warranties not disclaimed to one year (*i.e.*, the term of Apple's express warranty): "IN SO FAR AS

28   SUCH WARRANTIES CANNOT BE DISCLAIMED, APPLE LIMITS THE DURATION AND

1   REMEDIES OF SUCH WARRANTIES TO THE DURATION OF THIS EXPRESS WARRANTY[.]"

2   Limited Warranty (capital letters in original).

3   This durational limit is enforceable. *Kodiak Elec. Ass'n, Inc. v. Delaval Turbine, Inc.*, 694 P.2d

4   150, 157 (Alaska 1985) ("Since no defect arose within the warranty period, no breach of warranty action

5   can be maintained."); *see also In re Gen. Motors Air Conditioning Mktg. and Sales Practices Litig.*, 406

6   F. Supp. 3d 618, 627–28 (E.D. Mich. 2019); *Miller*, 2018 WL 2740240, at *8–9; *Speier Roche v.*

7   *Volkswagen Grp. of Am. Inc.*, 2014 WL 1745050, at *8 (S.D. Fla. Apr. 30, 2014); *Deburro*, 2013 WL

8   5917665 at *6–7; *Alban*, 2010 WL 3636253, at *9; *Mattingly v. Palmer Ridge Homes LLC*, 157 Wash.

9   App. 376, 396, 238 P.3d 505, 515 (2010); *cf. Bos. Helicopter Charter, Inc. v. Agusta Aviation Corp.*,

10  767 F. Supp. 363, 371 (D. Mass. 1991); *Clevenger & Wright Co. v. A. O. Smith Harvestore Prod., Inc.*,

11  625 S.W.2d 906, 908 (Mo. Ct. App. 1981). Because Plaintiffs have not alleged that the Alleged Defect

12  manifested during the Warranty Period or that Apple failed to honor a warranty claim tendered during

13  the Warranty Period, they have not stated any actionable Implied Warranty claims.

14  **2.      Plaintiffs Have Not Plead Facts Sufficient to Allege a Breach of the Implied**
   **         Warranty of Merchantability**

15

16  Plaintiffs have also not plead facts sufficient to establish that their MacBook Pros were not

17  merchantable when sold. The implied warranty of merchantability does not extend to future

18  performance. *See Miller*, 2018 WL 2740240, at *8 (Massachusetts and Michigan law); *ACH Enters. 1*

19  *LLC v. Viking Yacht Co.*, 817 F. Supp. 2d 465, 471 (D.N.J. 2011); *May v. AC & S, Inc.*, 812 F. Supp.

20  934, 944 (E.D. Mo. 1993); *Armour v. Alaska Power Auth.*, 765 P.2d 1372, 1374 (Alaska 1988); *Safeway*

21  *Stores v. Certainteed Corp.*, 710 S.W.2d 544, 547 (Tex. 1986); *New England Power Co. v. Riley Stoker*

22  *Corp.*, 20 Mass. App. Ct. 25, 27 n.4, 477 N.E.2d 1054 (1985); *see generally* Fla. Stat. § 672.314; Wash.

23  Rev. Code § 62A.2-314. Here, Plaintiffs do not allege that any defect existed at the time of sale or within

24  the Warranty Period. And, as explained above, mere susceptibility to ordinary wear and tear is not a

25  latent defect.

26  Further, there is "no requirement goods must last forever [] to be merchantable." *Deburro*, 2013

27  WL 5917665 at *6–7 (Texas law); *see also Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719

28  F.2d 1092 (11th Cir. 1983) (Florida law); *Elfaridi*, 2018 WL 4071155, at *10 (Missouri and Washington

law); *Slebodnik v. Reynolds & Reynolds*, 2014 WL 6609132, at *9 (D.N.J. Nov. 20, 2014) (New Jersey law); *Zanger v. Gulf Stream Coach, Inc.*, 2006 WL 1494952, at *4 (E.D. Mich. May 25, 2006) (Michigan law); *Finigan-Mirisola v. DaimlerChrysler Corp.*, 2007 WL 1977505, at *1 (Mass. App. Ct. July 9, 2007) (Massachusetts law).  Plaintiffs admit that the Alleged Defect typically does not manifest until after the Warranty Period and that their MacBook Pros in particular performed beyond the Warranty Period.  SAC ¶¶ 25, 33, 35, 39, 41, 44, 46, 49, 51, 54, 56, 59, 61, 64, 66, 69, 71, 74, 76.  Indeed, Plaintiffs used their MacBook Pros for as long as ***four times*** their warrantied life and most of them continue to use their devices.  *See, e.g.*, *id.* ¶¶ 49, 51–52, 59, 61–62.  Plaintiffs' allegations thus foreclose any assertion that the MacBook Pros were not merchantable.

Additionally, Plaintiffs Taleshpour, Buscher, Stewart, and Combs allege only that their MacBook Pros experienced "stage lighting" effect, not total display failure.  SAC ¶¶ 35, 51, 66, 71, 159, 177, 250.  Based on their own allegations and photos set forth in the SAC, MacBook Pros with the "stage lighting" effect may still be used for ordinary laptop functions like surfing the Internet.  *See, e.g., id.* Figure 6 (showing display of MacBook Pro with the "stage lighting" effect on browser home page).  Plaintiffs' conclusory allegation that their devices are "inoperable"—which they only added after reviewing Apple's motion to dismiss the original complaint—is inconsistent with the balance of their allegations and is properly disregarded.  *Id.* ¶¶ 37, 52, 67, 72; *see also Adams*, 355 F.3d at 1183.

### D.     Plaintiff Taleshpour Has Not Stated a Claim for Violation of the Song-Berkely Act (Count 4)

Plaintiff Taleshpour's Song-Berkely Act claim also fails for numerous other reasons.

#### 1.     Plaintiff Taleshpour Does Not Allege Facts Establishing a Predicate Breach of Warranty under California Law

"To state a viable claim under California's Song-Berkely Consumer Warranty Act, a plaintiff must plead sufficiently a breach of warranty under California law."  *Baltazar v. Apple Inc.*, 2011 WL 588209, at *3 (N.D. Cal. Feb. 10, 2011); *Birdsong v. Apple Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009).

Plaintiff Taleshpour argues that Apple breached the implied warranty of merchantability.  SAC ¶¶ 135–36.  But, even after twice amending his original complaint, Plaintiff Taleshpour does not plead non-conclusory facts showing that the purportedly defective backlight cable rendered his 15-inch 2016 MacBook Pro "unfit for its ordinary purpose."  *See* Cal. Com. Code § 2314; *Hovsepian v. Apple Inc.*,

2009 WL 2591445, at *6 (N.D. Cal. Aug. 21, 2009).  The "mere manifestation of a defect by itself does not constitute a breach [of] the implied warranty of merchantability." *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, at *8 (N.D. Cal. June 5, 2009); *see also Am. Suzuki v. Sup. Ct.*, 37 Cal. App. 4th 1291, 1295 (1995).  "A plaintiff who claims a breach of the implied warranty of merchantability must show that the product 'did not possess even the most basic degree of fitness for ordinary use.'" *Swearingen v. Amazon Preservation Partners, Inc.*, 2014 WL 3934000, at *1 (N.D. Cal. Aug. 11, 2014).

Plaintiff Taleshpour claims that his MacBook Pro exhibited the "stage lighting" effect.  SAC ¶ 35.  However, save a new conclusory allegation that his device is "inoperable[,]" Plaintiff Taleshpour does not allege that the "stage lighting" effect prevented him from using his MacBook Pro for ordinary purposes.  Indeed, Figure 6, demonstrating the "stage lighting" effect, shows a MacBook Pro being used for an ordinary purpose:  visiting browser home page.  *See id.* Figure 6.  Plaintiff Taleshpour also admits that he used his MacBook Pro for nearly three years (three times its warrantied life), including two whole months after it began exhibiting the "stage lighting" effect.  *Id.* ¶¶ 33–36.  These allegations are insufficient to state a claim for breach of the implied warranty of merchantability.  *Kacsuta v. Lenovo (United States) Inc.*, 2013 WL 12126775, at *3 (C.D. Cal. July 16, 2013) (dismissing Song-Beverly claim where no allegations of safety issue "or that [alleged defect] affected other uses for the computer"); *Baltazar*, 2011 WL 3795013, at *4.  Accordingly, Plaintiff Taleshpour has not shown any predicate breach of warranty under California law, necessitating dismissal of his Song-Beverly Act claim.

### 2.  Plaintiff Taleshpour's Latent Defect Argument Fails

Plaintiff Taleshpour's Song-Beverly Act claim is also lacking because he does not allege any breach within the Warranty Period and, in an attempt to evade the Warranty Period, argues that the Alleged Defect is latent.  SAC ¶ 137.  This argument fails for at least two reasons.  First, as set forth *supra* in Section IV.B.3.a, the susceptibility of a component part to wear and tear does not constitute a defect, much less a latent defect, or all products would be defective.  *Cf. In re Sony*, 758 F. Supp. 2d at 1098 ("Every manufactured item is defective at the time of sale in the sense that it will not last forever; the flip-side of this original sin is the product's useful life.") (internal citation omitted).

Second, Plaintiff Taleshpour's Song-Beverly Act claim is facially overbroad because it applies to "*[a]ll persons*" in California "who purchased a MacBook Pro 2016-year model or later," SAC ¶ 85,

not just those who have experienced display issues alleged in the SAC.  *See infra* Section IV.F.

Accordingly, even if Plaintiff Taleshpour could overcome the other deficiencies with his Song-Beverly

Act claim, the Court should dismiss claims on behalf of putative class members who have not

experienced those display issues.  *Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, at *4 (N.D. Cal.

June 20, 2013) (to state an implied warranty claim, "'[i]t is not enough to allege that a product line

contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege

that their product *actually exhibited the alleged defect*'") (internal citation omitted, emphasis in original).

### E.   Plaintiff Taleshpour Does Not State a Claim for Violation of the UCL (Count 1)

Plaintiff Taleshpour's UCL claim fails for numerous other reasons.

### 1.   Plaintiff Taleshpour's "Unfair" UCL Claim Is Not Sufficiently Plead

California courts have developed at least two tests for "unfairness" within the meaning of the

UCL:  "(1) the tethering test, which requires that the public policy which is a predicate to a consumer

unfair competition action under the unfair prong of the UCL must be tethered to specific constitutional,

statutory, or regulatory provisions" and "(2) the balancing test, which examines whether the challenged

business practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers

and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to

the alleged victim[.]"  *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1145–46 (N.D. Cal. 2013)

(internal quotation marks and citations omitted).  Plaintiff Taleshpour states a claim under neither test.

Under the first test, Plaintiff Taleshpour must allege that Apple's purported conduct violated a

public policy that is "tethered" to specific constitutional, regulatory, or statutory provisions.  *Id*.  Plaintiff

Taleshpour claims that Apple violated California public policy "legislatively declared" in the CLRA and

Song-Beverly Act because the MacBook Pros are not "fit for their ordinary and intended purposes."

SAC ¶ 93.  However, as discussed *supra* Section IV.D.1., this is not true for Plaintiff Taleshpour, who

purchased his MacBook Pro in April 2017 and used it for nearly three years without issue—and an

additional two months after he purportedly experienced the Alleged Defect.

Under the second test, an act or practice is "unfair" if "'the consumer injury is substantial, is not

outweighed by any countervailing benefits to consumers or to competition, and is not an injury the

consumers themselves could have reasonably avoided.'"  *Tietsworth v. Sears*, 2010 WL 1268093, at *9

1    (N.D. Cal. Mar. 31, 2010) (internal citation omitted).  Plaintiffs must allege facts supporting all three

2    elements.  *See id.*; *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 838–39 (2006) (finding

3    that claim did not constitute unfair practice under UCL because one element was insufficiently pleaded).

4            "Failure to disclose a defect that might shorten the effective life span of component part to a

5    consumer product does not constitute a 'substantial injury' under the unfair practices prong of the UCL

6    where the product functions as warranted throughout the term of its Express Warranty."  *In re Sony*, 758

7    F. Supp. 2d at 1091; *see Clemens v. DaimlerChrysler*, 534 F.3d 1017, 1026–27 (9th Cir. 2008).  Plaintiff

8    Taleshpour has not alleged that his MacBook Pro failed to function as warranted through the Warranty

9    Period.  His claim under the UCL's unfair prong thus fails since he alleges no substantial injury.

10           Moreover, Plaintiff Taleshpour's "unfair" business practice allegations under this test are

11   grounded in fraud; they are based on the contention that Apple concealed a latent defect to the detriment

12   of the public.  SAC ¶ 96.  But, as discussed *supra* Section IV.B., they do not satisfy Rule 9(b)'s

13   heightened pleading standard standard—*i.e.*, the requirement that he plead "'the who, what, when,

14   where, and how' of the misconduct charged[.]"  *Compare Vess*, 317 F.3d at 1106 *with* SAC ¶¶ 94(a)–

15   (e) (no who, when, where, or how), 95 (same).  Plaintiff Taleshpour's allegations are insufficient to state

16   a claim of "unfairness" under the balancing test and, for this reason as well, should be dismissed.

17           **2.      Plaintiff Taleshpour's "Unlawful" UCL Claim Fails with Its Predicate
18                     Claims**

19            "[T]he UCL 'borrows violations of other laws and treats them as unlawful practices'" that are

20   "'independently actionable'" under the statute.  *Moore*, 73 F. Supp. 3d at 1204 (internal citation omitted).

21   However, courts in the Ninth Circuit regularly dismiss "unlawful" UCL claims where the plaintiff has

22   not established a predicate violation of underlying law.  *See, e.g., id.* at 1202.

23           Plaintiff Taleshpour alleges that Apple's conduct violates the CLRA and Song-Beverly Act.

24   SAC ¶ 92.  For the reasons discussed *supra* Sections IV.B., IV.D, and IV.E., Plaintiff Taleshpour's Song-

25   Beverly Act and CLRA claims are fatally deficient.  Moreover, courts have dismissed UCL and CLRA

26   claims alleging failure to disclose a purported defect where, as here, it manifests after the applicable

27   warranty period.  *Oestreicher*, 544 F. Supp. 2d at 973 ("'[T]he failure to disclose a defect that might, or

28   might not, shorten the effective life span of an automobile part that functions precisely as warranted

throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers'" and does not constitute an unfair practice under the UCL) (internal citation omitted). Because Plaintiff Taleshpour does not, and cannot, state claims under the laws that are a predicate for his "unlawful" UCL claim, this claim fails. *Rudd v. Borders, Inc.*, 2009 WL 4282013, at *2 (S.D. Cal. Nov. 25, 2009).

### F. Several of Plaintiffs' Claims (Counts 2, 4, 11, and 15) Are Facially Overbroad Because They Include MacBook Pros Purchased for Commercial Use

Plaintiffs' CLRA, Song-Beverly Act, Michigan Consumer Protection Act, and Missouri Merchandising Practices Act claims are also facially overbroad and deficient because the putative state subclasses include purchasers of MacBook Pros for commercial use. Cal. Civ. Code § 1761(a) (CLRA applies to goods purchased primarily for "personal, family, or household purposes"); Cal. Civ. Code § 1791(a) (Song-Beverly Act applies to goods used for "personal, family, or household purposes"); *Slobin v. Henry Ford Health Care*, 469 Mich. 211, 216 (2003) ("[T]he MCPA applies only to purchases by consumers and does not apply to purchases that are primarily for business purposes"); Missouri Rev. Stat. § 407.025 (Missouri Merchandising Practices Act authorizes private civil actions regarding merchandise purchased primarily for "personal, family, or household purposes"). As such, the Court should dismiss these claims with respect to purchases of MacBook Pros primarily for commercial use.

## V.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court dismiss Plaintiffs' SAC in its entirety pursuant to Rules 12(b)(1) and 12(b)(6).

Dated: August 21, 2020

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: _/s/ David R. Singh_
DAVID R. SINGH

Attorney for Defendant Apple Inc.