1 R. REX PARRIS (Bar No. 96567)
rrex@parris.com
2 ALEXANDER R. WHEELER (Bar No. 239541)
alex@parris.com
3 KITTY K. SZETO (Bar No. 258136)
kitty@parris.com
4 PARRIS LAW FIRM
43364 10th Street West
5 Lancaster, California 93534
Telephone: (661) 949-2595
6 Facsimile: (661) 949-7524

7 Attorneys for Plaintiffs

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12 MAHAN TALESHPOUR, RORY FIELDING, | Case No. 5:20-cv-03122-EJD
PETER ODOGWU, WADE BUSCHER,
13 GREGORY KNUTSON, DARIEN HAYES, | **PLAINTIFFS' OPPOSITION TO**
LIAM STEWART, NATHAN COMBS, and | **DEFENDANT'S MOTION TO DISMISS**
14 KENDALL BARDIN on behalf of themselves | **THIRD AMENDED COMPLAINT**
and all members of the putative class,
15

16 Plaintiffs, | Date: July 22, 2021
Time: 9:00 a.m.
17 v. | Dept.: Courtroom 4 – 5th Floor
Judge: Honorable Edward J. Davila
18 APPLE INC.,

19 Defendant.

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

PAGE(S)

SUMMARY OF OPPOSITION.................................................................................................1

ARGUMENT ......................................................................................................................1

I.   AS THIS COURT HAS HELD, PLAINTIFFS STATE CLAIMS FOR FRAUDULENT CONCEALMENT...........................................................................................................2

II.  PLAINTIFF TALESHPOUR STATES A CLAIM UNDER THE CLRA ............................7

III. PLAINTIFFS ALLEGE FACTS SUFFICIENT TO STATE CLAIMS FOR AFFIRAMTIVE MISREPRESENTATION. ...................................................................8

IV. PLAINTIFFS STATE A CLAIM UNDER THE UCL...................................................10

V.  PLAINTIFF STEWART STATES A CLAIM UNDER THE NEW JERSEY CONSUMER FRAUD ACT ..................................................................................................12

VI. IN THE ALTERNATIVE, PLAINTIFFS REQUEST LEAVE TO AMEND...................13

CONCLUSION .................................................................................................................14

**PAGE(S)**

**Cases**

*Ahern v. Apple, Inc.*,

411 F.Supp.3d 541 (N.D. Cal. 2019) .................................................................................. 5, 8, 9

*Anderson v. Apple, Inc.*, --- F.3d ---,

Case No. 3:20-cv-02328-WHO, 2020 WL 6710101 (N. D. Cal., Nov. 16, 2020) ............................. 3, 5

*Bardin v. Daimlerchrysler Corp.*,

136 Cal. App. 4th 1255 (2006) .................................................................................................. 4, 7

*Berenblat v. Apple, Inc.*,

2009 WL 2591366 (N.D. Cal. Aug. 21, 2009) ......................................................................... 8, 9

*Beyer v. Symantec Corp.*,

333 F. Supp. 3d 966  (N.D. Cal. 2018) ...................................................................................... 5, 6

*Bonanno v. Thomas*,

309 F.2d 320 (9th Cir. 1962) ........................................................................................................ 13

*Bush v. Liberty Life Ins. Co. of Boston*,

130 F.Supp.3d 1320 (N.D. Cal. 2015) ........................................................................................... 2

*Clemens v. DaimlerChrysler Corp.*,

534 F.3d 1017 (9th Cir. 2008) ..................................................................................................... 10

*Collins v. eMachines, Inc.*,

202 Cal. App. 4th 249 (2011) ......................................................................................................... 6

*Cox v. Sears Roebuck & Co.*,

647 A.2d 454 (N.J., 1994) ............................................................................................................ 12

*Daugherty v. Am. Honda. Motor Co.*,

144 Cal. App. 4th 824 (2006) ........................................................................................... 3, 4, 7, 10

*Falk v. General Motors Corp.*,

496 F. Supp. 2d 1088 (N.D. Cal. 2007) ......................................................................................... 7

**TABLE OF AUTHORITIES**

**PAGE(S)**

<u>**Cases**</u>

*Frenzel v. Aliphcom,*

   2015 WL 4110811 (N.D. Cal. July 7, 2015)................................................................................8, 9

*Grace v. Apple, Inc.*,

   No. 17-CV-00551, 2017 WL 3232464 (N.D. Cal. Jul. 28, 2017) .......................................................11

*Gutierrez v. Carmax Auto Superstores California,*

   19 Cal. App. 5th 1234 (2018) .........................................................................................................11

*Hodsdon v. Mars, Inc.*,

   891 F.3d 857.............................................................................................................................passim

*In re Apple Inc. Device Performance Litig.*

   347 F.Supp.3d 434 (N.D. Cal. 2018) ...............................................................................................5, 6

*In re Apple Performance Litig.*,

   386 F. Supp. 3d 1155 (N.D. Cal. 2019) ........................................................................................3, 5, 6

*In re Bang Energy Drink Mktg. Litig.*,

   No. 18-cv-05758-JST, 2020 WL 4458916 (N.D. Cal. Feb. 6, 2020) ....................................................9

*In re MacBook Keyboard Litig.*,

   Case No. 5:18-cv-02813-EJD, 2019 WL 1765817 (N. D. Cal. Apr. 22, 2019)......................................5

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HD TV Television Litig.*,

   758 F. Supp. 2d 1077 (S.D. Cal. 2010)...........................................................................................8, 10

*In re Sony* nor *Oestreicher v. Alienware Corp.*,

   544 F. Supp. 2d 964 (N.D. Cal. 2008) ............................................................................................7, 9

*Lazar v. Hertz Corp.*,

   69 Cal. App. 4th 1494 (1999) .........................................................................................................11

*Maniscalco v. Brother Intern. Corp.* (USA),

   627 F.Supp.2d 494 (D.N.J., 2009) ...............................................................................................12, 13

# TABLE OF AUTHORITIES

**PAGE(S)**

<u>**Cases**</u>

*Mickens v. Ford Motor Co.*,

900 F.Supp.2d 427 (D.N.J. 2012) ............................................................................................. 12, 13

*Norcia v. Samsung Telecommunications Am., LLC*,

No. 14-cv-00582-JD, 2018 WL 4772302 (N. D. Cal. Oct. 1, 2018) ....................................................5

*Rutledge v. Hewlett Packard Co.*,

238 Cal. App. 4th 1167 (2015) ........................................................................................passim

*Sciacca v. Apple Inc.*,

362 F.Supp.3d 787 (N.D. Cal. 2019) ..........................................................................................9

*Sonner v. Premium Nutrition Corp.*,

971 F.3d 834 (9th Cir. 2020) .....................................................................................................11

*Taleshpour v. Apple, Inc.*,

No. 5:20-cv-03122-EJD, 2021 WL 1197494 (N.D. Cal., Mar. 30, 2021) ....................................passim

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,

368 F.3d 1053 (9th Cir. 2004) ...................................................................................................13

*Tietsworth v. Sears*,

720 F. Supp. 2d 1123 (N.D. Cal. 2010) .......................................................................................7

*Vigil v. Gen. Nutrition Corp.*,

No. 15–CV–00079–JM–DBHx, 2015 WL 2338982 (S.D.Cal. May 13, 2015) ..................................9

*Williams v. Yamaha Motor Co.*,

851 F.3d 1015 (9th Cir. 2017) ....................................................................................................6

*Wilson v. Hewlett-Packard Co.*,

668 F.3d 1136 (9th Cir. 2012) ........................................................................................3, 4, 5, 6

# SUMMARY OF OPPOSITION

Apple moved to dismiss the fraudulent omission claims Plaintiffs pled in their Second Amended Complaint. In ruling on the sufficiency of those claims, this Court found that Plaintiffs "sufficiently alleged their omission-based fraud claims" because "Plaintiffs have adequately alleged that Apple omitted material information that it was under a duty to disclose and on which Plaintiffs would have relied…" While Plaintiffs add some allegations in the TAC, their fraudulent omission allegations are largely unchanged from those pled in the SAC. Nonetheless, Apple moves *again* to dismiss those *same* fraudulent omission claims this Court has ruled on. This Court should deny that aspect of Apple's motion as an unauthorized motion for reconsideration.

In any event, Plaintiffs state fraudulent omission claims under the various state consumer protection laws, the CLRA, and common law because, as this Court held, they allege facts giving rise to a material defect under the "reasonable consumer" test, which Apple knowingly failed to disclose. And Apple's limited warranty does nothing to immunize it against those fraudulent omission claims because, as recent California law makes clear, the expiration of a limited warranty period does not preclude a fraudulent concealment claim. Those allegations of a "knowing omission" also satisfy Plaintiff Stewart's claims under the New Jersey Consumer Fraud Act.

Plaintiffs' amended allegations also state a claim for affirmative misrepresentation because they plead a laptop monitor central function defect that ultimately renders the MacBook Pros unusable. Plaintiffs plead that Apple made specific misrepresentations about the MacBook Pro's monitor quality that are measurable and ultimately false because the monitors are defectively designed such that consumers' normal use of them results in a complete monitor failure. Plaintiffs' allegations of affirmative misrepresentation and omission also satisfy the "unfair" and "unlawful" UCL prongs. Indeed, Plaintiffs' claims are all the more sufficiently pled because Apple represents that its MacBook Pro laptops have a *minimum* lifespan of four (4) years and should remain in working condition much longer than that, but fail before that promised lifecycle.

## ARGUMENT

## I.  AS THIS COURT HAS HELD, PLAINTIFFS STATE CLAIMS FOR FRAUDULENT CONCEALMENT.

Plaintiffs plead fraudulent omission claims under the UCL (First Cause of Action), the CLRA (Second Cause of Action), common law fraud (Third Cause of Action), and several state unfair competition statutes (Fourth through Eleventh Causes of Action). Apples moves to dismiss Plaintiffs' "Deceptive Trade Acts and common law fraudulent concealment" claims based upon alleged pleading deficiencies it argues go solely to the "materiality" element. [Motion at 12:15-16; 13-8-15] But this Court denied Apple's first Motion to Dismiss the fraudulent omission allegations pled in Plaintiffs' Second Amended Complaint based upon the same arguments and nearly identical allegations at issue in this Motion. *Taleshpour v. Apple, Inc.*, No. 5:20-cv-03122-EJD, 2021 WLa 1197494, \*12 (N.D. Cal., Mar. 30, 2021). Apple sought leave to file a Motion for Reconsideration of that specific aspect of this Court's prior ruling.  (Docket No. 59). This Court has not granted Apple leave, but it moves again to dismiss those same allegations. Apple's second motion to dismiss the fraudulent omission claims this Court has already ruled upon is therefore "essentially a procedurally improper motion for reconsideration." *Bush v. Liberty Life Ins. Co. of Boston*, 130 F.Supp.3d 1320, 1327 (N.D. Cal. 2015). This Court should deny Apple's second motion to dismiss Plaintiffs' fraudulent omission claims for that reason alone.

Apple's second attempt to dismiss Plaintiffs' fraudulent omission-based claims does not compel a result different from the one this Court reached in its prior ruling. Plaintiffs allege that the defective display cables ultimately lead to complete monitor failure. [TAC ¶ 23] Plaintiffs allege that Apple knew of this latent cable defect through pre-release testing and, later, customer complaints. [*Id*. ¶¶ 30-31, 105, 124, 125] Plaintiffs allege that Apple removed some of those complaints from the discussion forums on its website. [*Id*. ¶ 128] Plaintiffs allege the defective display cables result in a central function defect in the form of an inoperable monitor, which is material to the functionality of a laptop computer. [*Id*. ¶¶ 23, 106, 219] Plaintiffs allege that they would not have purchased their MacBook Pros, and nor would a reasonable consumer have, had they known of the defective cables. [*Id*. ¶ ¶ 126, 129] In ruling upon Apple's first motion to dismiss, this Court set forth the three elements of fraudulent omission claims in a consumer

1  product defect case[1] and found that these allegations satisfied all three of them.

2      As to the first materiality element, this Court found that "the omitted information about the Alleged

3  Defect would certainly be important to a reasonable consumer and is, therefore, material." *Taleshpour*,

4  2021 WL 1197494 at \*10. This Court also found that Plaintiffs met the second "central defect" element

5  as "the display is indisputably central to the functionality of a laptop, and a defect that obscures all or part

6  of the display renders the laptop unusable." *Id*. As to the third element, this Court found that Plaintiffs

7  allegations' of "pre-release testing" coupled with "substantial customer complaints" about the defective

8  monitors met the exclusive knowledge factor of that element. *Id*. at \*11.

9      Apple disregards this Court's ruling completely and argues that these fraudulent omission

10  allegations fail on the materiality element alone because the MacBook Pro display screen defects

11  materialize outside its one-year limited warranty period. [Motion at 13:8-11] Apple argues, as it did in its

12  first motion, that its one-year limited warranty is a complete bar to any product defect claims that fall

13  outside that narrow period. As a threshold matter, "materiality is a highly fact-bound inquiry." *Anderson*

14  *v. Apple, Inc*., --- F.3d ---, Case No. 3:20-cv-02328-WHO, 2020 WL 6710101, \*11 (N. D. Cal., Nov. 16,

15  2020). "Accordingly, the plaintiffs would only fail at the pleading stage if 'the fact misrepresented is so

16  obviously unimportant that the jury could not reasonable find that a reasonable [person] would have been

17  influenced by it.'" *Id.*, citing *Rutledge v. Hewlett Packard Co*., 238 Cal. App. 4th 1167 (2015).

18      Apple cites *Wilson v. Hewlett-Packard Co*., 668 F.3d 1136 (9th Cir. 2012) and several earlier

19  California state cases cited within for its argument that fraudulent omission claims for failure to disclose a

20  product defect must involve a product safety hazard that manifests within the limited warranty period.

21  [Motion at 13-14]. In *Wilson*, the Ninth Circuit noted that "California federal courts have generally

22  interpreted *Daugherty*[2] as holding that "[a] manufacturer's duty to consumers is limited to its warranty

23

---

24      [1]    "When a defect does not relate to an unreasonable safety hazard, a defendant has a duty
to disclose when (1) the omission is material; (2) the defect is central to the product's function; and (3)

25  at least one of the following four factors is met: the defendant is the plaintiff's fiduciary; the defendant
has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; the

26  defendant actively conceals a material fact from the plaintiff; or the defendant makes partial
representations that are misleading because some other material fact has not been disclosed."

27  *Taleshpour*, 2021 WL 1197494 at \*10, quoting *In re Apple Performance Litig.*, 386 F. Supp. 3d 1155,

28  1175 (N.D. Cal. 2019).
    [2]    *Daugherty v. Am. Honda. Motor Co*., 144 Cal. App. 4th 824 (2006)

obligations absent either an affirmative misrepresentation or a safety issue." *Id*. at 1141. The court then held that absent allegations of such an "unreasonable safety hazard" associated with the product defect, the plaintiffs could not state a claim for fraudulent omission. That aspect of *Wilson* did not remain good law for long.

Six years later, in *Hodsdon v. Mars, Inc*., 891 F.3d 857, the Ninth Circuit declined to follow *Wilson* and set a different standard for pleading omission-based product claims. One of the "key issues" in *Hodsdon* was the "continued viability of *Wilson*" because several California cases following *Wilson* called its interpretation of California law into question. *Id*. at 860, 862. One of those cases was *Rutledge*, a 2015 case about defective laptop monitors. 238 Cal. App. 4th at 1164. In that case, like Apple here, the defendant computer manufacturer argued that plaintiffs did not have a fraudulent omission claim because they "they received notebooks with inverters that functioned for the duration of the one-year warranty" and thus they could not have been damaged by any failure to disclose that within-warranty defect. *Id*. at 1175. The court rejected that argument, finding that "***HP's argument that the expiration of the warranty period precludes a claim for fraudulent concealment under the UCL is incorrect***." *Id*. (emphasis added). *Rutledge* is thus directly at odds with Apple's argument that its one-year warranty immunizes it from any fraudulent concealment claims arising outside that limited warranty period. Indeed, each of the eleven (11) cases Apple string cites for the proposition that judges in "the Northern District have thus routinely dismissed omission claims alleging the failure to disclose latent defects in computers that do not pose an unreasonable safety issue and manifest after a product's warranty period" predate both *Rutledge* and *Hodsdon* and are all thus clearly distinguishable and inapposite. [Motion at 15:14-26]

The *Rutledge* court also distinguished and departed from *Daugherty* and *Bardin v. Daimlerchrysler Corp*., 136 Cal. App. 4th 1255 (2006)*,* both of which Applies relies upon. *Id*. at 1174 ("neither *Daugherty* nor *Bardin* preclude a duty to disclose material information known to a manufacturer and concealed from a consumer."). The *Rutledge* court noted also that the materiality element of a fraudulent omission claim is a question of fact not suitable for adjudication on the pleadings. *Id.*; *see also Taleshpour*, 2021 WL 1197494 at \*10.

Given this pronounced shift in California law since *Wilson*, the *Hodsdon* court departed from its reasoning and held that a consumer has pled a pure fraudulent omission claim "when: the plaintiff alleges

that the omission was material; second, the plaintiff must plead that the defect was central to the product's function; and third, the plaintiff must allege one of the four *LiMandri* factors." *Id*. at 863. While the *Hodsdon* court codified a fraudulent omission claim into these three elements, it stopped short of overruling *Wilson* only because the "safety hazard" requirement *may* still apply when a plaintiff fails to plead a central function defect. *Id*. at 864.

*Hodsdon*'s recitation of the three fraudulent omission elements "offers the most recent statement of the law…" in consumer product defect cases. *Anderson*, --- F.3d ---, 2020 WL 6710101 at *11; *see also In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1175–76 (N.D. Cal. 2019); *Beyer v. Symantec Corp.*, 333 F. Supp. 3d 966, 978–80 (N.D. Cal. 2018). Courts interpreting *Hodsdon* recognize that it rejected *Wilson*'s strict "safety hazard" pleading requirement: "[i]n *Hodsdon*, the Ninth Circuit held that under California law, a defendant only has a duty to disclose material defects that impair the product's central function **or** that implicates the consumer's safety." *Ahern v. Apple, Inc*., 411 F.Supp.3d 541, 567 (N.D. Cal. 2019) (granting Apple's 12(b)(6) only because the plaintiffs failed to allege a central function defect; emphasis added); *see also Norcia v. Samsung Telecommunications Am., LLC*, No. 14-cv-00582-JD, 2018 WL 4772302, *1 (N. D. Cal. Oct. 1, 2018) (holding *Wilson* inapplicable and *Hodsdon* controlling because "[t]he challenged omission here goes directly to the Samsung cell phone's central function.").

This Court has cited the three *Hodsdon* elements when evaluating the sufficiency of fraudulent omission allegations in product defect cases. *In re Apple Performance Litig*., 386 F. Supp. 3d 1155, 1175 (N. D. Cal. 2019); *In re MacBook Keyboard Litig.*, Case No. 5:18-cv-02813-EJD, 2019 WL 1765817, *5 (N. D. Cal. Apr. 22, 2019) ("Since the *Hodsdon* decision, courts in the Northern District have ruled that when an omission goes to the core function of a product, then a defendant may be under a duty to disclose and a plaintiff may maintain a claim for fraudulent omission."). Indeed, this Court found that Plaintiffs' fraudulent omission allegations *in this case* met and satisfied each of the three *Hodsdon* elements. *Taleshpour*, 2021 WL 1197494 at *10.

Apple attempts to sidestep both *Rutledge* and this Court's finding of materiality by arguing that *Taleshpour* somehow conflicts with its prior rulings in the two *In re Apple Inc. Device Performance Litig.* pleading motion cases.[3] But those cases involved product defect allegations that differ markedly from

---

[3]      347 F.Supp.3d 434 (N.D. Cal. 2018) and 386 F.Supp.3d 1155 (N.D. Cal. 2019).

Plaintiffs' in this case. This Court identified the plaintiffs' defect theory in those cases as essentially allegations that the iPhone batteries did not "last[] as long as Plaintiffs preferred." 347 F.Supp.3d 434, 463 (N.D. Cal. 2018); *see also* 386 F.Supp.3d 1155, 1179-1180 (N.D. Cal. 2018) ("the alleged defect is the natural aging of the battery as a result of use of the device.") This Court held in both cases that the plaintiffs' battery-life allegations described the natural aging of an otherwise non-defective product and thus fell short of the materiality element. As such, cases that involve the "natural aging" of a product, rather than one defective designed, improperly attempt to extend the terms of a limited warranty. To the contrary, as this Court has held, Plaintiffs here allege Apple's omission of a material defect inherent in the design and configuration of the MacBook Pro monitor cables, *not* a natural, inevitable degradation of the MacBook Pro monitors. [TAC ¶¶ 18-20]

Moreover, in the portion of *In re Apple Inc. Device Performance Litig.* that Apple cites, this Court cited *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1029 (9th Cir. 2017) and *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255 (2011). Both cases represent the pre-*Hodsdon* state of California fraudulent omission law, which then required the pleading of an "unreasonable safety hazard" in all fraudulent omission cases. *Hodsdon* and *Rutledge* eliminated that pleading requirement in omission cases. *Beyer v. Symantec Corp.*, 333 F.Supp.3d 966, 979 (N. D. Cal. 2018) (rejecting the *Williams* and *Wilson* "safety hazard" requirement in favor of the *Hodsdon* "central defect" pleading requirement). As *Rutledge* made abundantly clear, and contrary to Apple's argument otherwise, the expiration of a limited warranty period does *not* preclude a fraudulent concealment claim. 238 Cal. App. 4th at 1175.

Notably, Apple makes additional representations beyond its one-year limited warranty that its MacBook Pros will last *at least* four (4) years. [TAC ¶ 16] None of Apple's limited warranty cases involve such an additional representation of product longevity. Apple undertakes great effort to now walk back this product lifecycle representation merely because it made the representation on its "environmental efforts" section of its website. No matter where made, Apple's representation is that the MacBook Pros, which are MacOS devices, have a product life cycle of four years of "use," and often "last longer." [*Id*.] That is a clear and unmistakable representation that the MacBook Pros will last well beyond the one-year limited warranty period. And despite Apple's argument otherwise, Plaintiffs' MacBook Pro product longevity allegations are also not based upon Apple's website representations alone. Apple employee

1  testimony in this case corroborates its website representations about expected MacBook Pro longevity of

2  well beyond four (4) years, which the Plaintiffs will present to the Court on a developed factual record.

3    Plaintiffs have stated claims for fraudulent omission.

4

5  **II.    PLAINTIFF TALESHPOUR STATES A CLAIM UNDER THE CLRA**

6    Plaintiff Taleshpour filed the required statutory CLRA Venue Declaration. [Dkt No. 21-1]

7  Plaintiff Taleshpour also alleges facts sufficient to state a claim under the CLRA. In a CLRA claim, the

8  primary element at issue is "whether Plaintiffs have pled adequately that Defendants had a duty to

9  disclose" the alleged defect. *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1138 (N.D. Cal. 2010). In

10 *Tietsworth*, the court found that a plaintiff states a CLRA claim under a fraudulent omission theory by

11 alleging (1) a duty to disclose based upon exclusive knowledge of the defect and (2) that the defect is

12 material. Plaintiff Taleshpour has met those pleading requirements. Plaintiff pled that Apple had

13 exclusive knowledge of the defect. [TAC ¶ 117] In addition, this Court found that Plaintiff alleged facts

14 "sufficient to show that Apple had exclusive knowledge of the Alleged Defect." *Taleshpour*, 2021 WL

15 1197494 at *11.

16    Plaintiff also pled materiality of the defect. [TAC ¶ 118] Materiality under the CLRA "is judged

17 by the effect on a 'reasonable consumer.'" *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1095

18 (N.D. Cal. 2007). This Court found that "the omitted information about the Alleged Defect would

19 certainly be important to a reasonable consumer and is, therefore, material." *Taleshpour*, 2021 WL

20 1197494 at *10.

21    As addressed above in detail, neither *In re Sony* nor *Oestreicher v. Alienware Corp*., 544 F. Supp.

22 2d 964, 972 (N.D. Cal. 2008) compel a different result because they rely upon the safety hazard and

23 express warranty aspects of *Daugherty* that predate both *Hodsdon* and *Rutledge*'s evolution of California

24 fraudulent omission law on those points. Indeed, as the court in *Rutledge* noted, "neither *Daugherty* nor

25 *Bardin* preclude a duty to disclose material information known to a manufacturer and concealed from a

26 consumer." 238 Cal. App. 4th at 1175. That is exactly what Plaintiff Taleshpour pled in his CLRA claim.

27 [TAC ¶¶ 116-118]

28

## III. PLAINTIFFS ALLEGE FACTS SUFFICIENT TO STATE CLAIMS FOR AFFIRMATIVE MISREPRESENTATION.

This Court granted Apple's Motion to Dismiss Plaintiffs' SAC affirmative misrepresentation claims because it found the screen and monitor representations Plaintiffs pled to be "non-actionable puffery because they say nothing about the specific characteristics or components of the computer." *Taleshpour*, 2021 WL 1197494 at *9. This Court also held that Plaintiffs, in their Second Amended Complaint, did not allege that these representations were false. In the TAC, as detailed below, Plaintiffs plead the nexus between Apple's representations of monitor quality and its defective MacBook Pro display cables, which cause monitor failure.

Apple moves to dismiss Plaintiffs' TAC fraudulent misrepresentation claims because it argues that its representations about MacBook Pro monitor quality, color, brightness and contrast are not actionable but instead "textbook puffery." [Motion at 8:13-16] Apple relies mainly upon *Ahern*, which is distinguishable as based upon a very different alleged defect. In that case, the plaintiffs sued over alleged product issues they alleged affected the quality of the user experience (screen smudges). The plaintiffs alleged that Apple's representations of superior computer screen quality did not live up to the smudgy screens they actually received. *Ahern*, 411 F.Supp.3d at 568. The court in *Ahern* distinguished the plaintiffs' allegations from cases (including *Rutledge*) that dealt with computer monitor failure. *Id.* Against that backdrop, the *Ahern* court found that Apple's representations as to superior monitor quality were not sufficiently specific as to the computers' characteristics because the monitors worked and functioned, although perhaps not how the plaintiffs had hoped. To the contrary, in this case, Plaintiffs plead a product design defect central to the function and operation of their laptops.

Apple's other cases are similar to *Ahern* and distinguishable. *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HD TV Television Litig.*, 758 F. Supp. 2d 1077, 1090 (S.D. Cal. 2010) involved allegations that televisions displays had screen "anomalies," but not inoperability or complete failure. In *Berenblat v. Apple, Inc.*, 2009 WL 2591366, at *6 (N.D. Cal. Aug. 21, 2009) plaintiffs alleged that laptop memory slots were defective and "degraded" computer speed and performance. They did not allege, as Plaintiffs do here, that the memory slots caused eventual laptop failure. In *Frenzel v. Aliphcom*, the court found that plaintiff alleged sufficient fraudulent misrepresentations on a defective battery life

theory. As to plaintiff's more general product functionality claims, the court found that "general statements about a product's functionality—*as opposed to statements regarding the product's quality* or reliability— do not become actionable on an affirmative misrepresentation theory merely because the product fails to work perfectly." 2015 WL 4110811, \*12 (N.D. Cal. July 7, 2015; emphasis added). Plaintiffs here plead Apple's misrepresentations about MacBook Pro monitor *quality*. [TAC ¶ 17] In *Sciacca v. Apple Inc.*, 362 F.Supp.3d 787, 798 (N.D. Cal. 2019), the plaintiffs only pled the *effect* of the alleged defect (cracked watch screens), but were unable to plead any cause of, or reason for, that alleged defect. As such, the plaintiffs were naturally unable to identify why or how the alleged misrepresentations it pled were false.

Unlike the plaintiffs in *Ahern*, *Sony*, *Berenblat*, *Frenzel*, and *Sciacca*, Plaintiffs here plead a computer screen central function defect that ultimately renders the MacBook Pros unusable. [TAC ¶ 23] When a plaintiff alleges such product ineffectiveness or failure, representations about that product's superior quality are provably false and thus not mere "puffery." *Vigil v. Gen. Nutrition Corp.*, No. 15–CV–00079–JM–DBHx, 2015 WL 2338982 (S.D.Cal. May 13, 2015). In *Vigil*, the court found actionable the defendant's claims of product superiority ("premium ingredients" and "maximum potency") because they represent to the consumer that the ingredients have some effectiveness. If, as the plaintiffs pled, the product was not at all effective, then those product superiority claims are provably false, rather than mere puffery, and are thus actionable. *See also In re Bang Energy Drink Mktg. Litig.*, No. 18-cv-05758-JST, 2020 WL 4458916, \*9 (N.D. Cal. Feb. 6, 2020) (finding that "Super Creatine" was an actionable misrepresentation and not puffery because the plaintiffs pled that defendant misrepresented the presence or quantity of creatine in the product).

Plaintiffs allege that Apple's misrepresentations about the MacBook Pro's exceptional monitor quality are provably false because the monitors are defectively designed and thus fail. Those allegations are in line with the plaintiffs' sufficient allegations in *Vigil* and *In re Bang Energy Drink Mktg. Litig.* Apple makes representations about the overall quality, brightness and contrast of the MacBook Pro display monitors. [TAC ¶17] Apples also makes specific, measurable representations as to the display monitor's degree of brightness. [*Id*. ¶ 24] Plaintiffs plead that, despite these allegations, the MacBook Pro monitors completely fail after ordinary use because of the defective display backlight cables. [*Id*. ¶ 23] Plaintiff plead that Apple's representations about monitor quality and brightness are therefore false

1  because "a defective display screen that exhibits stage lighting, chunks of color that obscures other text

2  and images, and that eventually goes dark is the complete opposite of the bright, clear, sharp display

3  APPLE represents it to be." [*Id*. ¶ 24]

4          Apple's representations about monitor quality are specific, measurable, and ultimately false

5  because the MacBook Pro monitors are defectively designed such that normal use results in "a complete

6  failure" of the monitor. [*Id*. ¶ 23] These allegations state a claim for affirmative misrepresentation.

7

8  **IV.**     <u>**PLAINTIFFS STATE CLAIMS UNDER THE UCL.**</u>

9          Apple argues that Plaintiff Taleshpour has not stated a claim for violation of the "unfair" or

10  "unlawful" prongs of the UCL because his MacBook Pro functioned through the term of its limited one-

11  year express warranty. Apple cites *In re Sony*, 758 F. Supp. 2d at 1091, for that proposition. While this

12  Court noted in granting Apple's first motion that "Plaintiffs do not directly address this authority…,"[4]

13  as detailed above, *Rutledge* in particular rejects *In re Sony*'s conclusion, based upon *Daugherty*, that a

14  UCL claim is confined by the duration of a defendant's express warranty period. 238 Cal. App. 4th at

15  1175. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008) is also based on *Daugherty*,

16  which did not survive *Hodsdon* and *Rutledge*. Contrary to Apple's argument, the current state of

17  California law is that a defendant manufacturer's express warranty period does *not* set the time frame

18  within which a consumer may bring a UCL claim.

19          Moreover, Plaintiff Taleshpour alleges in the TAC that Apple engage in an unfair practice

20  because it "represents that its MacBook Pro laptops have a minimum lifespan of four (4) years and should

21  remain in working condition much longer than that minimum time period." [TAC ¶ 97] Plaintiff

22  Taleshpour alleges further that "the MacBook Pros did not function as represented by APPLE throughout

23  the minimum four-year lifespan, causing a substantial injury to Plaintiffs and the class members. [*Id*. ¶

24  98] Plaintiff then pleads facts sufficient to state a claim under the "balancing test" prong. [*Id*. ¶ 100]

25  Apple's additional product longevity representations bring the facts of this case beyond those at issue in

26  *In re Sony and Clemens*. These allegations, coupled with Plaintiffs' allegations of Apple's defective

27  design of the MacBook Pro, trigger the fact-intensive UCL balancing test. Resolution of these allegations

28

---

[4]     *Taleshpour*, 2021 WL 1197494 at *14.

1   is a factual issue unsuited for adjudication on the pleadings. *Grace v. Apple, Inc.*, No. 17-CV-00551,

2   2017 WL 3232464, \*14 (N.D. Cal. Jul. 28, 2017).

3          Plaintiff Taleshpour also states a claim under the "unlawful" prong of the UCL, which "borrows

4   violations of other laws ... and makes those unlawful practices actionable under the UCL." *Lazar v. Hertz*

5   *Corp.*, 69 Cal. App. 4th 1494, 1505 (1999). As discussed above in section II, Plaintiff Taleshpour states

6   a claim under the CLRA, and that claim acts as a predicate for a UCL violation. *Gutierrez v. Carmax*

7   *Auto Superstores California*, 19 Cal. App. 5th 1234, 1239 (2018) ("We conclude the violation of the

8   CLRA serves as the predicate violation of law necessary to establish the unlawful practice variety of

9   unfair competition that is actionable under the UCL.").

10          Apple also moves to dismiss Plaintiff Taleshpour's UCL claim based upon *Sonner v. Premium*

11  *Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). But Plaintiff Taleshpour prays for several forms of

12  equitable relief for which there is no adequate remedy at law. Specifically, Plaintiff prays for Apple to

13  disclose to consumers the nature of the defective MacBook Pro displays. [TAC at Prayer ¶ 6] Plaintiffs

14  also plead that Apple launched its "MacBook Pro Display Backlight Service Program" to repair and fix

15  the defectively designed MacBook Pro backlight display cables. [*Id*. ¶ 33] While Apple fixes defective

16  laptops under that Service Program, it limited it to only 2016, 13-inch models. [*Id*.] Under the Service

17  Program, Apple offers mail-in service and repair, which allows them to have Apple repair their defective

18  MacBook Pros without them having to travel to a service center or Apple in-store repair. [*Id*. ¶ 33, n.4]

19  None of the Plaintiffs' laptops fall within Apple's narrow Service Program parameters. [TAC ¶ 33]

20  Plaintiffs excluded those consumers whose laptops do quality for the Service Program from their Class

21  Definition. [*Id*. ¶¶ 86, 87] Therefore, Plaintiffs pray that Apple "expand its AppleCare and Display

22  Backlight Service Program to cover the display cable defects of its 13-inch models which are not already

23  covered and all 15-inch models." [*Id*. at Prayer ¶ 6]

24          Plaintiffs' allegations and prayer for this equitable relief to require disclose of the defects and

25  expand Apple's limited and narrow Service Program seek recovery for which there is no adequate legal

26  remedy. Plaintiffs have the same defective laptops as the ones covered under Apple's Service Program,

27  but Apple has and continues to exclude their MacBook Pros from its repair program, which offers the

28  much more convenient mail-in service and repair option.

## V.     **PLAINTIFF STEWART STATES A CLAIM UNDER THE NEW JERSEY CONSUMER FRAUD ACT**

To state a claim for violation of the New Jersey Consumer Fraud Act, a plaintiff must plead: "(1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements-defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss." *Maniscalco v. Brother Intern. Corp.* (USA), 627 F.Supp.2d 494, 499 (D.N.J., 2009). There are three categories of unlawful practices that fall within the first element: "affirmative acts, knowing omissions, and violations of state regulations." *Id*. The NJCFA "should be construed liberally in favor of consumers." *Cox v. Sears Roebuck & Co*., 647 A.2d 454, 461 (N.J., 1994).

Apple argues that Plaintiff Stewart fails to state the first element of a NJCFA claim because he does not allege that Apple knew with certainty that his laptop would fail. In a "knowing omissions" NJCFA case, however, the plaintiff must only allege that the defendant "(1) knowingly concealed (2) a material fact (3) with the intention that the consumer rely upon the concealment." *Mickens v. Ford Motor Co*., 900 F.Supp.2d 427, 441 (D.N.J. 2012). Plaintiff Stewart alleges that Apple "engaged in deceptive trade practices in violation of New Jersey law, by promoting the lifespan and high quality and premium features of the MacBook display while willfully failing to disclose and ***actively concealing*** the display's defective nature." [TAC ¶ 163; emphasis added] Plaintiff Stewart pleads the defect's materiality. [*Id*. ¶¶ 106, 118, 124, 129]  Plaintiff Stewart pleads Apple's willful, active and knowing concealment of the display cable defect and his detrimental reliance upon those concealed facts by purchasing a product he otherwise would not have. [*Id*. ¶¶ 163, 164]

Plaintiff Stewart satisfies the NJCFA "knowing omissions" pleading requirements. *Mickens*, 900 F.Supp.2d at 441. In that case, the plaintiff's theory of the case was that the automotive defect (corrosion) was inevitable and certain to occur given the chemical interaction between the component metals that made up the vehicle's hood. *Id*. The court found plaintiffs' allegations that the defendant thus "knowingly omitted to disclose a known defect" were sufficient. 900 F.Supp.2d at 442. Similarly here, Plaintiff Stewart pleads a product design defect that causes product failure with consumers' normal usage of their MacBook Pros. Plaintiff Stewart alleges that the MacBook Pro backlight ribbon cables are deficient in length and therefore tear when consumers open and close their laptops, which causes

inevitable and progressive monitor failure. [TAC ¶¶ 18-23] Plaintiff Stewart alleges that Apple knew of this defect and failed to disclose it. [*Id*. ¶¶ 30-31, 124, 128] Plaintiff Stewart alleges that this defect materialized within his MacBook Pro's useful lifecycle of at least four (4) years. [*Id*. ¶¶ 16, 66, 68] Plaintiff Stewart also pled that Apple knew of the defective display cables and the resulting monitor failure before releasing the defective MacBook Pros but released and sold them anyway. [*Id*. ¶¶ 30-31, 66] Those allegations are sufficient to state a NJCFA claim for knowing omissions. *Maniscalco*, 627 F.Supp.2d at 500 (finding an NJCFA properly pled where plaintiff alleged defendant knew of the alleged defect before plaintiff's purchase of the product).

Apples also argues that Plaintiff Stewart fails to state the second element of a NJCFA claim because his MacBook Pro performed beyond the one-year limited warranty period. But "[w]arranty coverage of a particular problem does not, as a matter of law, negate a CFA claim that the manufacturer knowingly omitted information about a design defect." *Mickens*, 900 F.Supp.2d at 442; *see also Maniscalco*, 627 F.Supp.2d at 502 (finding that plaintiffs alleged a NJCFA knowing omission claim despite alleged defects that occurred after warranty expiration). As noted above, Plaintiff Stewart pled that Apple omitted knowledge from consumers about the defectively designed display cables and MacBook Pro monitors. [TAC ¶¶ 30-31]

## VI.    IN THE ALTERNATIVE, PLAINTIFFS REQUEST LEAVE TO AMEND.

As discussed above, Plaintiffs have pled their claims with sufficient facts. However, if the Court grants any portion of Defendant's motion, Plaintiffs respectfully request that they be granted leave to remedy the deficiency by amending their complaint. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (finding that where any possibility exists to amend to state a valid claim, courts must grant leave to amend); *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962) ("leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleadings could not *possibly* cure the deficiency.").

1

## CONCLUSION

2      For the foregoing reasons, Plaintiffs respectfully request that the Court deny Apple's Motion to

3   Dismiss in its entirety.

4

5   Dated: May 21, 2021                          Respectfully submitted,

6                                                PARRIS LAW FIRM

7                                                By: */s/ Alexander R. Wheeler*
                                                      Alexander R. Wheeler
8
                                                 R. Rex Parris (Bar No. 96567)
9                                                rrex@parris.com
                                                 Alexander R. Wheeler (Bar No. 239541)
10                                               alex@parris.com
                                                 Kitty K. Szeto (Bar No. 258136)
11                                               kitty@parris.com
                                                 PARRIS LAW FIRM
12                                               43364 10th Street West
                                                 Lancaster, California 93534
13                                               Telephone:(661) 949-2595
                                                 Facsimile: (661) 949-7524
14
                                                 Attorneys for Plaintiffs
15

16

17

18

19

20

21

22

23

24

25

26

27

28